Miscellaneous Docket No. _____

# United States Court of Appeals for the Federal Circuit

IN RE GENIUS ELECTRONIC OPTICAL CO., LTD.,

*Petitioner.*

*On Petition for Writ of Mandamus to the United States District Court for the Northern District of California, San Francisco Division*
*Case No. 3:13-cv-02502-JD*
*Honorable James Donato*

## APPENDIX TO PETITION FOR WRIT OF MANDAMUS

## (NON-CONFIDENTIAL VERSION)

DAVID E. SIPIORA
MATTHEW C. HOLOHAN
KILPATRICK TOWNSEND &
STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
dsipiora@kilpatricktownsend.com
mholohan@kilpatricktownsend.com

*Attorneys for Petitioner Genius Electronic Optical Co., Ltd.*

# TABLE OF CONTENTS

Discovery Letter dated October 24, 2014 ........................................................... A001

Discovery Letter dated November 5, 2014 ......................................................... A004

Civil Minutes dated December 5, 2014 .............................................................. A007

Discovery Letter dated December 15, 2014 ....................................................... A008

GENIUS ELECTRONIC OPTICAL CO., LTD.'S NOTICE OF MOTION AND
    MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
    OF THE COURT'S ORDER DATED DECEMBER 5, 2014 (D.I. 207) ON
    ATTORNEY WORK PRODUCT ........................................................... A011

DECLARATION OF JEFFREY CONNOR IN SUPPORT OF DEFENDANT
    GENIUS ELECTRONIC OPTICAL CO., LTD.'S MOTION FOR LEAVE
    TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S
    ORDER DATED DECEMBER 5, 2014 (D.I. 207) ON ATTORNEY WORK
    PRODUCT ................................................................................................ A016

ORDER re [267] MOTION for Leave to File on Attorney Work Product and [266]
    Letter Brief filed by Genius Electronic Optical ..................................... A018

Discovery Letter dated December 16, 2014 ....................................................... A020

Order re discovery letter brief [274]. ................................................................. A024

ORDER RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS ... A026

GENIUS ELECTRONIC OPTICAL CO., LTD.'S MOTION FOR LEAVE TO
    SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION AND FOR
    STAY OF ORDER (D.I. 295) ................................................................... A030

DECLARATION OF C.J. LIN IN SUPPORT OF MOTION FOR LEAVE TO
    SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION AND FOR
    STAY OF ORDER (D.I. 295) ................................................................... A037

DECLARATION OF KUO-WEN CHANG IN SUPPORT OF MOTION FOR
    LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION
    AND FOR STAY OF ORDER (D.I. 295) ................................................. A040

DECLARATION OF JEFFREY M. CONNOR IN SUPPORT OF DEFENDANT
GENIUS ELECTRONIC OPTICAL CO., LTD.'S MOTION FOR LEAVE
TO SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION AND FOR
STAY OF ORDER (D.I. 295) ................................................................. A058

Civil Minutes dated December 31, 2014 .......................................................... A066

ORDER DENYING MOTION FOR STAY OF ORDER GRANTING MOTION
TO COMPEL ....................................................................................... A067

## CONFIDENTIAL MATERIAL OMITTED

The confidential material reflects information designated by Largan

Precision Co., Ltd. ("Largan") as "Highly Confidential – Attorneys' Eyes Only"

pursuant to the district court's protective order.  The information is deposition

testimony from a Largan witness concerning Largan's business practices.  By

designated the material "Highly Confidential – Attorneys' Eyes Only," Largan has

asserted that the material qualifies for protection under Federal Rule of Civil

Procedure 26(c), that the material is extremely sensitive, and that the disclosure of

the material to another Party or Non-Party would create a substantial risk of serious

harm that could not be avoided by less restrictive means.  *See* Stipulated Protective

Order for Litigation Involving Patents, Highly Sensitive Confidential Information

and/or Trade Secrets ¶¶ 2.2, 2.7.

**PERKINSCOIE**

11988 El Camino Real
Suite 350
San Diego, CA 92130-2594

☎ +1.858.720.5700
🖷 +1.858.720.5799
perkinscoie.com

October 24, 2014

**VIA ELECTRONIC FILING**

John P. Schnurer
JSchnurer@perkinscoie.com
D. (858) 720-5705
F. (858) 720-5805

The Honorable James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re:   ***Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.***
     **U.S. District Court Case No. CV-13-2502-JD:  Discovery Disputes with Genius**

Your Honor:

   Pursuant to the Court's Standing Order, Plaintiff Largan Precision Co., Ltd. ("Largan") submits this letter summarizing outstanding discovery disputes with Defendant Genius Electronic Optical Co., Ltd. ("Genius" or "GSEO"). Pursuant to the Order and Local Rule 37-1(a), I certify that the parties have conferred on these issues.

### Summary of the Disputes

   While the parties have successfully resolved most of their discovery disputes, Genius continues to deprive Largan of relevant, responsive information at the close of discovery. This information falls into two broad categories:

1. Genius has improperly redacted and/or withheld documents regarding its awareness and understanding of the Patents-in-Suit based on claims of privilege, when discovery has already demonstrated no legal advice or work product is associated with the document; and

2. Genius has improperly withheld documents based on Apple confidentiality, where Apple has no conceivable claim to the information and/or Genius provided the documents to Apple so late that Apple's 14-day contractual review period will not run until well after the close of discovery.

   Given that today is the deadline to produce documents, Largan sees no choice but to raise these issues to the Court to preserve its rights and obtain the information to which it is entitled.

### Genius's Improper Privilege Claims

   Because Largan has accused Genius of willful infringement and indirect infringement, Genius's knowledge of Largan's patents is directly at issue. Consequently, in its very first set of requests for production—served over a year ago, on September 13, 2013—Largan propounded multiple requests seeking documents and things regarding Genius's knowledge and awareness of the Patents-in-Suit. (Req. Nos. 44, 45, 52.) Interrogatory No. 5, served simultaneously, sought a written response regarding similar knowledge issues. To date, Genius's responses have cited April, 2013 correspondence from Largan as Genius's first awareness of the Patents.

   On October 7, Largan deposed Genius employee Dr. Arthur Berman, who admitted that his "first assignment" at Genius when joining three or four years ago "was to review the Genius patents, Fujinon patents, Olympus patents, Largan patents and get a general idea of" them. Dr. Berman, who admitted he is not a lawyer and took no direction from lawyers for this project nevertheless "wrote various reports" on his analyses that he circulated within Genius. In these

The Hon. James Donato
October 24, 2014
Page 2

reports, "most of [his] effort related to analyzing the claims," by "mak[ing] a big spreadsheet" to chart out the various claim limitations on each lens element. In addition, Dr. Berman created "trees" to study which patents cited to one another. He testified the responsibility for such analyses has now been passed to Genius employee C.J. Lin. Largan requested these documents be produced, both during the deposition and multiple times afterward.

At the October 16 *Markman* hearing, the Court granted Largan's motion to compel production of Genius's email, and Largan received the first batch late in the evening on October 22, shortly before C.J. Lin's deposition was to begin in Taiwan. The email, which belonged to Mr. Lin, was heavily redacted, but he testified that neither he nor anyone else associated with the emails is an attorney. Making matters worse, he conceded the emails stem from a time before Genius retained counsel to assist it in this case. Mr. Lin also revealed, for the very first time, that Genius maintains a "database" of patents which it failed to search until the day prior to his deposition, only to discover the Patents-in-Suit are listed therein.

When Largan confronted Genius about the need to produce the patent analyses performed by Dr. Berman and Mr. Lin, as well as unredacted Lin emails, during a final meet and confer on October 24, Genius claimed privilege over the documents but refused to articulate its basis for that, indicating only that it would provide a privilege log sometime "late" tonight.

On this record, Largan does not believe it needs to wait to see Genius's log. The attorney-client privilege protects confidential communications of legal advice, not the analyses or opinions of non-lawyers. Here, the record is clear that no lawyers were involved in any of these analyses or communications. While work product protection might still attach if the projects were done on behalf of counsel under an anticipation of litigation, here much of the work occurred prior to suit, and all of it occurred prior to retention of litigation counsel. As such, no privilege can shield these documents, and Genius should produce them immediately.

### Apple-Related Documents

Largan and Genius both supply lenses to Apple under a "Master Development and Supply Agreement" ("MDSA"), which classifies certain information exchanged during the course of business as "Confidential Information." Under the Protective Order, Largan and Genius have been making such documents available for Apple's review prior to production, giving Apple the 14 days provided in the Order to review and object or move to block production. (Docket No. 63, ¶ 11(c).) Nevertheless, Largan has consistently informed both Genius and Apple that it believes the need to produce documents at the close of discovery trumped any confidentiality claim, necessitating the production of all remaining documents on October 24.

Genius has taken the opposite tack, but not just that: it has dumped scores of documents on Apple at the end of the discovery period—including documents Apple should have no claim over—merely to keep them from Largan. With the deadline for opening expert reports shortly after the close of discovery, this tactic is specifically designed to prejudice Largan. For example, the documents Genius has indicated it provided to Apple for review include:

The Hon. James Donato
October 24, 2014
Page 3

*Complete Sales Data for the Accused Products*: Despite agreeing to produce complete sales data for all of the accused products, to date Genius has only produced information through January 2014, and no data at all on the GS-8615, GS-8689, and GS-8740 products the Court added to the case on October 3, 2014.[1] Genius claims such sales data is under Apple review, but it remains unclear why such data is confidential Apple information.

*Planning Presentations & Other Documents Identified by Witnesses*: Recent depositions have identified documents showing Genius internally analyzes which Apple products incorporate its lenses, directly contradicting Genius's longstanding claim that it does know such information. Given these documents reflect Genius's internal analysis, and Genius has steadfastly maintained Apple "withholds" any identification of its end products, Largan cannot see how these documents are Apple confidential information.

*Design Files & Drawings for Genius Lenses in Apple's New iPads*: The Apple iPad Air 2 and iPad mini 3 were announced on October 16, and Apple agreed on October 22, that it had no objection to disclosure of information about them. Yet, contrary to the Court's June 6, 2014 Order, Genius has not produced design files and drawings associated with these lenses.

*Statements of Work (SOWs)*: SOWs are agreements with Apple—supplemental to the MDSA—defining individual lens projects. Genius has agreed to produce these documents and Apple has agreed to production of other iterations of SOWs, so it is unclear why Genius cannot produce the remainder in response to Largan's requests.

*Discovery on Newly-Accused Products*: Although Apple has not objected and Genius has previously produced technical documents like Engineering Requirements Specifications (ERSs) regarding earlier-accused products, Genius is withholding the versions of these documents pertaining to the newly-accused products the Court added to the case on October 3.

Genius's late disclosure of these documents to Apple would result in Largan receiving some of them just a day or two prior to opening expert reports—or even afterward—when there is no valid reason for such delay. As such, Largan requests the Court order Genius to produce them immediately.

Respectfully submitted,

*/s/ John P. Schnurer*

John P. Schnurer
*Lead Counsel for Plaintiff Largan Precision Co., Ltd.*

---

[1] Nor has Genius moved for a limited extension of discovery, as contemplated by the Court's October 3, 2014 order on Largan's motions to amend.

A003


**KILPATRICK
TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1400 Wewatta Street, Suite 600
Denver, CO 80202
t 303.571.4000 f 303.593.3905

David E. Sipiora
direct dial 303.405.8525
dsipiora@kilpatricktownsend.com

November 5, 2014

*Via Electronic Filing*
The Honorable James Donato
United States District Court for the Northern District of California, San Francisco Division
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

>       Re:    *Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.*
>              Case No. 3:13-CV-02502-JD:  Response to Largan Letter re Discovery Disputes

Dear Judge Donato:

        Pursuant to the Court's Standing Order for Discovery in Civil Cases and its
October 29, 2014 Order re Discovery Letter Briefs, ECF No. 159, Genius Electronic Optical Co.,
Ltd. ("Genius") submits this letter in response to Largan Precision Co., Ltd.'s ("Largan")
October 24, 2014 Letter re Discovery Disputes with Genius, ECF No. 150. Largan's letter
falsely alleges that (A) Genius improperly has redacted or withheld documents on the basis of
privilege, and (B) Genius improperly has withheld documents on the basis of its confidentiality
obligations to Apple Inc. ("Apple"). These claims are addressed in turn below.

**A.      Genius properly has claimed attorney-client privilege and work product.**
        Genius properly has claimed attorney-client privilege over documents created because of
the need to obtain legal advice regarding patent prosecution, and properly has redacted under the
work product doctrine portions of email chains drafted and exchanged in anticipation of
litigation. Largan's letter brief on these issues is notably devoid of any citation to authority
regarding the scope and application of the attorney-client privilege and work product doctrine.
Largan's letter alleges that Genius improperly has withheld or redacted: (1) documents and
analyses of Dr. Arthur Berman, a third party independent contractor who provides consulting
services for Genius,[1] that were created for the purpose of seeking legal advice regarding patent
prosecution, and (2) portions of email chains involving CJ Lin, an employee in Genius's
intellectual property department, that were drafted and exchanged in anticipation of litigation
following receipt of Largan's notice letter regarding alleged infringement of the patents asserted
in this action. As discussed below, the documents withheld or redacted by Genius fall squarely
within the protections of the attorney-client privilege and the work product doctrine.

>       *1.    Arthur Berman's patent analyses were properly withheld.*

---

[1]  To the extent Largan seeks to compel production of documents from Dr. Berman rather than from Genius, its
letter brief is procedurally improper, as Dr. Berman is a third party who has produced documents and appeared
for deposition in this case in response to a subpoena from Largan, separate from the requests for production to
Genius that are cited in Largan's letter.

ATLANTA  AUGUSTA  CHARLOTTE  DENVER  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO  SAN FRANCISCO
SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON D.C.  WINSTON-SALEM

Hon. James Donato                                                      November 5, 2014
Page 2

Genius properly has withheld certain documents created by Dr. Berman on the basis of attorney-client privilege. When legal advice of any kind is sought from a professional legal adviser in his or her capacity as such, communications relating to that purpose made in confidence are protected from disclosure unless the privileged is waived. *Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786JSW (EMC), 2004 WL 1878209, at *3 (N.D. Cal. Aug. 23, 2004) (citing *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). And, contrary to Largan's unsupported assertion that analyses of non-lawyers cannot be protected by the attorney-client privilege, documents created for a legal purpose, *e.g.*, documents created in "anticipation of attorney review for legal significance," may be attorney-client privileged if the documents "would not have been created in substantially similar form but for the need for legal advice." *Visa*, 2004 WL 1878209, at *7 (citing *In re Grand Jury Subpoena*, 357 F.3d 900 (9th Cir. 2004)). Dr. Berman testified that the analyses sought by Largan were performed because of his job responsibility for "patent-related matters" and, specifically, that his job duties include interfacing with patent prosecution counsel to assist in drafting and filing patent applications. Accordingly, while Dr. Berman is not himself a lawyer, he created the analyses in question for the purpose of seeking legal advice regarding Genius's patent prosecution activities, and the analyses are protected by the attorney-client privilege.

    2.    *CJ Lin's email chains were properly redacted.*

Genius properly has redacted portions of Mr. Lin's email chains on the basis of work product protection. The work product doctrine protects from discovery "documents and tangible things prepared *by a party* or his representative in anticipation of litigation." *Grand Jury*, 357 F.3d at 906 (emphasis added) (citing Fed. R. Civ. P. 26(b)(3)). Thus, similar to the attorney-client privilege and contrary to Largan's assertions, a document need not be created "on behalf of counsel" in order to qualify for work product protection—all that is required is that the document was created because litigation was anticipated. *See Visa*, 2004 WL 1878209, at *7 (citing *Grand Jury*, 357 F.3d 900). Work product protected documents may only be ordered produced upon an adverse party's demonstration of "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." *Grand Jury*, 357 F.3d at 906. Here, Largan sent Mr. Lin a notice letter via email on April 2, 2013, alleging that Genius infringes the patents-in-suit. Upon receipt of that notice letter, Genius reasonably anticipated the prospect of litigation, and Mr. Lin forwarded Largan's notice letter internally within Genius on that basis. The redactions in question consist of emails prepared and exchanged within Genius in anticipation of the instant litigation. Accordingly, the redacted portions of Mr. Lin's email chains are protected by the work product doctrine. As Largan has not demonstrated a substantial need for these emails, the Court should not order Genius to produce them.

**B.**    **Genius has followed the provisions of the protective order with respect to documents in its possession that contain confidential information of third party Apple.**

Absent Court order, Genius cannot produce to Largan Apple confidential documents to which Apple has objected under Paragraph 11(c) of the protective order. As the Court is aware, Genius possesses numerous responsive documents that contain Apple confidential information subject to one or more confidentiality agreements between Apple and Genius (including the MDSA noted in Largan's letter as well as other agreements).[2] *See, e.g.*, Def. Genius's Resp. to

---

[2] Largan asserts without basis that Genius has withheld documents to which "Apple should have no claim."

Hon. James Donato                                             November 5, 2014
Page 3

Orders re Admin. Mots. to Seal, Oct. 23, 2014, ECF No. 145; Decl. of B. Lee ¶ 4, Sept. 16, 2014, ECF No. 89. Under the protective order, third-party confidential information subject to a valid discovery request shall be provided to the third party for inspection, at which time the third party has fourteen days to object to the production of its confidential information. Stipulated Protective Order for Litig. Involving Patents, Highly Sensitive Confidential Info. &/or Trade Secrets ¶ 11, May 28, 2014, ECF No. 63 [hereinafter Protective Order].

 The documents Largan seeks to compel include documents to which Apple has objected, as well as documents for which the fourteen-day objection period has not yet elapsed.[3] In light of Apple's objections to Genius's production of certain documents, it would be a violation of its confidentiality obligations to Apple to produce these documents absent a Court order.[4] However, Genius stands ready to make such production promptly should the Court so order it.

## C. Conclusion

 For the foregoing reasons, Genius respectfully requests that the Court deny the requests set forth in Largan's October 24, 2014 Letter re Discovery Disputes with Genius, ECF No. 150.

Respectfully submitted,
*/s/ David E. Sipiora*
David E. Sipiora (State Bar No. 124951)
*Lead Counsel for Defendant Genius Electronic Optical Co., Ltd.*

---

The confidentiality provisions of Genius's agreements with Apple are quite broad, and Genius has withheld only those documents that it believes in good faith fall within the agreements. For instance, prices of products sold for end use by Apple are confidential under the agreements, so Genius has provided its sales data to Apple for inspection. The "planning presentations" Largan vaguely mentions may refer to Apple's code names for Genius's products, which are Apple confidential. With respect to SOWs, ERSs, and other documents to which Apple has not objected with respect to the original accused products, Genius requested Apple's permission to produce such documents relating to the new accused products without first providing them for inspection, but Apple continues to insist on having an opportunity to review each and every Apple confidential document that Genius seeks to produce. Regarding Apple's new iPad products, knowledge regarding which, if any, of Genius's lenses are incorporated in those end products is not in Genius's possession, custody, or control.

[3] Following the Court's October 3, 2014 order granting Largan leave to add new accused products to the case, Genius immediately began collecting, reviewing, and producing to Largan on a rolling basis documents relating to the new products. *See* Decl. of L. Mullendore ¶¶ 2-4, Oct. 28, 2014, ECF No. 156-1. This process included providing documents to Apple for inspection on a rolling basis between October 20, 2014 and October 24, 2014. Thus, Apple has until November 7, 2014 to object to certain documents. It should be noted that Largan also provided documents to Apple for inspection as late as October 23, 2014, and thus Largan also "dumped" documents on Apple at the end of the discovery period. Additionally, Genius has been providing emails containing Apple confidential information to Apple for inspection on a rolling basis in the wake of the Court's October 16, 2014 order to produce email. Genius anticipates that the last of such emails will be provided to Apple tomorrow, November 6, 2014.

[4] Largan has also previously refused to produce documents for which Apple had "denied [Largan] authorization" to produce under Paragraph 11 of the Patent Local Rule 2-2 Interim Model Protective Order, which is identical to Paragraph 11 of the current Protective Order. Moreover, although Largan informed Apple on October 23, 2014 that Largan "fe[lt] obligated to produce any remaining [Apple confidential] documents we owe to Genius," Apple responded on October 24, 2014 that "[u]ntil Apple authorizes their production, Largan is not authorized to produce" such documents. To Genius's knowledge, Largan has not in fact produced any documents to which Apple has objected, and thus Largan and Genius are in the same position.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: December 5, 2014                                    Judge: James Donato

Time: 23 Minutes

Case No.:      **C 13-02502 JD**
Case Name:     **Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.**

Attorney(s) for Plaintiff(s):              Michael J. Engle/Joseph P. Reid
Attorney(s) for Defendant(s):              Jeffrey M. Connor/Laura K. Mullendore
Attorney(s) for Third-Party Apple Inc.:    Todd M. Friedman

Deputy Clerk:  Lisa Clark

## PROCEEDINGS

Telephonic Discovery Hearing - Held.

## RESULT OF HEARING

Apple will present a witness to be deposed by Largan; the deposition will take place by
12/12/2014.
Genius will produce by the end of the day today unredacted copies of the documents from C.J.
Lin that it claimed were protected by work-product doctrine.  Genius must produce all remaining
written discovery by 5 p.m. on 12/08/2014.
The Court ordered Genius to produce Denis Mack-Mumford, Matthew Bone, and C.J. Lin in San
Diego for one two-hour deposition each, to be restricted solely to documents from those
deponents produced after the close of fact discovery.  All associated expenses will be shared
equally between Genius and Largan.



**KILPATRICK TOWNSEND**

ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP

www.kilpatricktownsend.com

1400 Wewatta Street, Suite 600
Denver, CO 80202
t 303.571.4000  f 303.593.3905

**David E. Sipiora**
direct dial 303.405.8525
dsipiora@kilpatricktownsend.com

December 15, 2014

*Via Electronic Filing*
The Honorable James Donato
United States District Court for the Northern District of California, San Francisco Division
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

<div style="margin-left:2em">

Re:  *Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.*
    Case No. 3:13-CV-02502-JD:  Response to Largan Letter re Discovery Disputes

</div>

Dear Judge Donato:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Genius Electronic Optical Co., Ltd. ("Genius") submits this letter requesting entry of a protective order preventing production of documents protected from disclosure under the work product doctrine. Pursuant to the Order and Fed. R. Civ. P. 26(c)(1), I certify that the parties have conferred on this issue.

### A.    Background

On December 5, 2014, over the work-product objection of Genius, the Court ordered same-day production of documents created by Genius employee C.J. Lin in anticipation of this litigation because there was no attorney involved in their preparation.  (D.I. 207) ("Order"). Genius complied with the Order.  In a December 11 e-mail, counsel for Largan demanded that Genius produce additional documents not the subject of the Order—specifically identifying ten documents (1st Supp. Priv. Log. # 848, 859, 863, 865 and 1st Supp. Redaction Log # 45, 65, 73, 84, 100, 232) —arguing that the basis for Genius' assertion of work product claim over these documents already was rejected in the Order.  *See* Exhibit A.

On December 12, Genius advised Largan that it would be filing a Motion for Leave to File a Motion for Reconsideration ("Motion") of the Court's Order and that the determination of the underlying Motion will address the issues raised by Largan on December 11.  *See id.*  Today, Genius concurrently filed its Motion (D.I. 267) explaining how, contrary to the Order, the law states that an attorney need not be involved for work product immunity to take effect.  The only requirements for work product protection are that the documents were created (1) by a party, and (2) in anticipation of litigation.  There is no dispute that the documents ordered produced by the Court, like the documents Largan now seeks, satisfy both requirements and are thus protected.

### B.    Attorney Involvement Is Not Required for Documents to be Protected by the Work Product Doctrine

"Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1) (emphasis added).  However, for good cause shown upon motion by a party, the Court "may make any order which justice requires to protect

ATLANTA  AUGUSTA  CHARLOTTE  DENVER  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO  SAN FRANCISCO
SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON D.C.  WINSTON-SALEM

A008

Hon. James Donato                                                    December 15, 2014
Page 2

a party or person from annoyance, embarrassment, oppression, or undue burden or expense."
Fed. R. Civ. P. 26(c); *see also Lectrolarm Cust. Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567,
573 (E.D. Cal. 2002) (granting motion for protective order on ground that discovery sought was
protected by privilege). The documents demanded by Largan on December 11 are protected
from production under the work product doctrine, regardless of the fact an attorney was not
involved, because they were created by Genius representatives in anticipation of litigation.

As Genius sets forth in its Motion, the work product doctrine protects from discovery
"documents and tangible things that are prepared in anticipation of litigation or for trial by or
for another party or its representative." Fed. R. Civ. P. 26(b)(3). By its terms, this rule does not
require attorney involvement for work product immunity to apply. Indeed, it is hornbook law
that Rule 26(b)(3) "extended the work product protection to documents and things prepared for
litigation or trial *by or for the adverse party itself* or its agent." 8 Charles A. Wright, Arthur R.
Miller, et al., *Federal Practice & Procedure* § 2404 (3d ed. 2014) (emphasis added); *see also*
Fed. R. Civ. P. 26(b)(3), advisory committee's note (1970 Amendment) (Rule 26(b)(3) "reflects
the trend of the cases by requiring a special showing, not merely as to materials prepared by an
attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by
or for a party or any representative acting on his behalf.").

Accordingly, and in step with the decisions of courts nationwide,[1] this District has held
that "even if a document prepared by a party's employee does not contain an attorney's mental
impressions or conclusions, was not prepared at an attorney's request or for an attorney's use,
and is sought for legitimate purposes and not to simply take advantage of the opposing party's
pretrial preparation, it may be entitled to protection if it was prepared 'because of' the
litigation." *In re LDK Solar Secs. Lit.*, No. C07-5182 WHA (BZ), 2010 WL 114009, at *1
(N.D. Cal. Jan. 7, 2010); *see also Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 660
(D. Nev. 2007) ("It may be surprising to long-time practitioners that 'a lawyer need not be
involved at all for the work product protection to take effect.'") (citing Roger Park et al.,
*Hornbook on Evidence Law* § 8.09 (West 2d ed. 2004)).

Consistent with this principle, the Ninth Circuit held in *In re Grand Jury Subpoena* that
documents protected under the work product doctrine must have only "two characteristics: (1)
they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared
'by or for another party or by or for that other party's representative.'" *In re Grand Jury
Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting *In re California Pub. Utils. Comm'n*, 892
F.2d 778, 780-81 (9th Cir. 1989) and Fed. R. Civ. P. 26(b)(3)). Nothing more is required.

---

[1] *See, e.g., Diversified Indus., Inc. v Meredith*, 572 F.2d 596, 603 (8th Cir. 1977) ("While the 'work
product' may be, and often is, that of an attorney, the concept of 'work product' is not confined to
information or materials gathered or assembled by a lawyer."); *In re Copper Market Antitrust Litigation*,
200 F.R.D. 213, 221 (S.D.N.Y. 2001) ("[D]ocuments prepared in anticipation of litigation need not be
created at the request of an attorney."); *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y.
2010) ("Unlike the attorney-client privilege, the work product doctrine does not require that the documents
be prepared at the behest of counsel, only that they be prepared 'because of' the prospect of litigation.")
(internal citation omitted); *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 76 (D.D.C. 2003) ("Plaintiff
appears to argue that the work product privilege applies only to materials prepared by an attorney and that
it 'has *not* been extended to the preparatory work of non-lawyers' … [t]o the extent that it rests on this
narrow interpretation of the work product privilege, plaintiff's objection must fail.") (emphasis in original).

Hon. James Donato                                      December 15, 2014
Page 3

      The additional documents sought by Largan were prepared by employees and agents of Genius in anticipation of litigation, and thus satisfy both requirements for work product protection set forth in *In re Grand Jury Subpoena*.  Therefore, Genius respectfully requests that the Court enter a protective order proscribing disclosure of those documents to Largan.

Respectfully submitted,

*/s/ David E. Sipiora*

David E. Sipiora (State Bar No. 124951)
*Lead Counsel for Defendant Genius Electronic Optical Co., Ltd.*

66785032

1    KILPATRICK TOWNSEND & STOCKTON LLP

2    Kenneth S. Chang (State Bar No. 211925)
     *kschang@kilpatricktownsend.com*
3    No. 50 Boxia Road, Building R, Suite 401, 4th Floor
     Shanghai Pudong Software Park
4    Shanghai 201203, China
     Telephone:  +86 (21) 3175-6180
5
     David E. Sipiora (State Bar No. 124951)
6    *dsipiora@kilpatricktownsend.com*
     Jeffrey M. Connor (*pro hac vice*)
7    *jmconnor@kilpatricktownsend.com*
     Laura K. Mullendore (*pro hac vice*)
8    *lmullendore@kilpatricktownsend.com*
     1400 Wewatta Street, Suite 600
9    Denver, CO 80202
     Telephone:  (303) 571-4000
10   Facsimile:  (303) 571-4321

11   Robert J. Artuz (State Bar No. 227789)
     *rartuz@kilpatricktownsend.com*
12   1080 Marsh Road
     Menlo Park, CA 94025
13   Telephone:  (650) 326-2400
     Facsimile:  (650) 326-2422
14
     Attorneys for Defendant GENIUS ELECTRONIC OPTICAL CO., LTD.
15

16               UNITED STATES DISTRICT COURT

17           FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19   LARGAN PRECISION CO., LTD.,              | Case No. 3:13-CV-02502-JD

20            Plaintiff,                      | **GENIUS ELECTRONIC OPTICAL CO.,**
                                              | **LTD.'S NOTICE OF MOTION AND**
21        v.                                  | **MOTION FOR LEAVE TO FILE**
                                              | **MOTION FOR RECONSIDERATION OF**
22   GENIUS ELECTRONIC OPTICAL CO.,           | **THE COURT'S ORDER DATED**
     LTD.,                                    | **DECEMBER 5, 2014 (D.I. 207) ON**
23                                            | **ATTORNEY WORK PRODUCT**
            Defendant.
24

25

26

27

28

     NOT. OF MOT. AND MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION OF
     THE COURT'S ORDER DATED DEC. 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT
     CASE NO. 3:13-CV-02502-JD

1

**NOTICE OF MOTION AND MOTION FOR LEAVE**

2

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that pursuant to Northern District of California Local Rule 7-

4

9(a) and 9(b)(3), Defendant Genius Electronic Optical Co., Ltd. ("Genius") will and hereby does

5

move this Court to grant leave for Genius to file a motion for reconsideration of the Court's Civil

6

Minutes and Order dated December 5, 2014 ("Order"). (D.I. 207). As required by Civil Local

7

Rule 7-9(b)(3), Genius contends that the Court's holding that attorney involvement is required in

8

order to claim work product protection for documents prepared in anticipation of litigation is

9

contrary to controlling legal authority presented by Genius but manifestly not considered by the

10

Court. Accordingly, Genius respectfully requests that the Court grant it leave to file the "Motion

11

for Reconsideration of the Court's December 5, 2014 Order" and accompanying "[Proposed]

12

Order" attached hereto as Exhibits A and B, respectively.

13

**MEMORANDUM AND POINTS OF AUTHORITIES**

14

**I.     INTRODUCTION**

15

Leave to file a motion for reconsideration is routinely granted where courts may have erred

16

in the process of determining whether documents are immune from disclosure based on privilege.

17

*See, e.g., In re CV Therapeutics, Inc. Sec. Lit.*, No. C-03-3709 SI (EMC), 2006 WL 2585038, at *1

18

(N.D. Cal. Aug. 30, 2006) (reconsidering prior ruling on attorney-client privilege status of

19

documents); *U.S. ex. Rel. Strom v. Scios, Inc.*, No. C05-3004 CRB (JSC), 2011 WL 4831193, at

20

*2-4 (N.D.Cal. Oct. 12, 2011) (reconsidering prior privilege determination); *Pittman v. Cty. Of San*

21

*Diego*, No. 09-CV-1952-WQH(WVG), 2010 WL 4570252, at *1 (S.D. Cal. Nov. 3, 2010)

22

(reconsidering prior determination on attorney-client privilege and work product immunity). In the

23

attached Motion for Reconsideration, Genius asks the Court to reconsider its ruling that documents

24

created by C.J. Lin were not protected from disclosure under the work product doctrine because an

25

attorney was not involved in preparation of the documents. This determination by the Court

26

manifestly failed to consider dispositive legal authority that attorneys do *not* need to be involved in

27

the preparation of documents for work product protection to apply. Therefore, Genius respectfully

28

moves the Court for leave to file its reconsideration motion under Civil Local Rule 7-9(b)(3).

NOT. OF MOT. AND MOT. FOR LEAVE TO FILE MOT FOR RECONSIDERATION OF THE
COURT'S ORDER DATED DEC. 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT          - 1 -
CASE NO. 3:13-CV-02502-JD

A012

## II.    PROCEDURAL BACKGROUND

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Largan presented a letter brief to the Court on October 24, 2014 (D.I. 150) ("Motion"). Largan argued that Genius had improperly redacted or withheld documents prepared by Genius employee C.J. Lin on the basis of work product. (*Id.* at 2.) Genius responded by letter brief on November 5, 2014, citing authority demonstrating the documents are protected as work product. (D.I. 166.)

On December 5, 2014, this Court held a telephonic hearing on Largan's Motion. During the hearing, the Court halted argument after confirming that Mr. Lin was not an attorney, nor acting at the behest of an attorney, when preparing the documents. *See* Declaration of Jeffrey M. Connor in Support of Motion for Leave to File Motion for Reconsideration, ¶ 2. Based on this lack of attorney involvement, the Court ordered Genius to produce "the documents from C.J. Lin that it claimed were protected by work-product doctrine" by "the end of the day today." (D.I. 207.)

## III.    LEGAL STANDARD FOR LEAVE TO SEEK RECONSIDERATION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS. Inc*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Northern District of California, the Local Civil Rules grant the Court the authority to reconsider a prior order at any time prior to judgment, but no motion for reconsideration may be filed without leave of court. *See* Civil L.R. 7-9(a). Specifically, Civil Local Rule 7-9 provides that a party may move for reconsideration of an interlocutory order if the party can specifically show that "the Court manifestly failed to consider material facts or dispositive legal arguments which were presented to it before the order was entered." Civ. L.R. 7-9(b)(3); *see also Phase Forward Inc. v. Adams*, 2007 WL 3022236, at *1 (N.D. Cal. Oct. 15, 2007) (granting motion for leave to file motion for reconsideration pursuant to Civ. L.R. 7-9).

NOT. OF MOT. AND MOT. FOR LEAVE TO FILE MOT FOR RECONSIDERATION OF THE
COURT'S ORDER DATED DEC. 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT          - 2 -
CASE NO. 3:13-CV-02502-JD

A013

**IV.     THE COURT MANIFESTLY FAILED TO CONSIDER DISPOSITIVE LEGAL ARGUMENT REGARDING APPLICATION OF THE WORK PRODUCT DOCTRINE**

The Court manifestly failed to consider dispositive legal argument in granting Largan's Motion. As presented to the Court in Genius's letter brief (D.I. 166), only "two characteristics" are required under Rule 26(b)(3) for documents to receive work product protection: "(1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared '*by* or for another party or by or for that other party's representative.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989) and Fed. R. Civ. P. 26(b)(3)).[1] Importantly, no attorney involvement is required for such documents to be entitled to protection. *See In re LDK Solar Secs. Lit.*, No. C07-5182 WHA (BZ), 2010 WL 114009, at *1 (Jan. 7, 2010); *also Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 660 (D. Nev. 2007) ("It may be surprising to long-time practitioners that 'a lawyer need not be involved at all for the work product protection to take effect.'") (citing Roger Park *et al., Hornbook on Evidence Law* § 8.09 (West 2d ed. 2004)).

Nonetheless, the Court ordered Genius on December 5, 2014, to produce documents from C.J. Lin solely because no attorney was involved in their preparation. For the reasons set forth in detail in the proposed motion attached as Exhibit A, this decision was contrary to black letter law. Therefore, Genius respectfully requests leave to seek reconsideration of the Court's December 5, 2014 order under Civil Local Rule 7-9(b)(3).[2]

**V.     CONCLUSION**

For the foregoing reasons, Genius respectfully requests leave to file its "Motion for Reconsideration of the Court's December 5, 2014 Order" attached hereto as Exhibit A.

---

[1] Moreover, citing to *In re Grand Jury Subpoena,* the court in the *Visa* case—also presented by Genius—further held that pursuant to the work product doctrine, "documents and tangible things prepared *by* or for *a party* or the party's representative, in anticipation of litigation are protected from discovery." *Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786JSW (EMC), 2004 WL 1878209, at *5 (N.D. Cal. Aug. 23, 2004). The Court in *Visa* continued that "representative of a party includes the party's attorney, consultant or agent" and not just attorneys or non-attorney parties acting at the direction of party attorneys. *Id.*

[2] Further, Genius has been diligent in bringing this request to the Court's attention just six business days following the Court's order. Civ. L.R. 7-9(b).

NOT. OF MOT. AND MOT. FOR LEAVE TO FILE MOT FOR RECONSIDERATION OF THE
COURT'S ORDER DATED DEC. 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT          - 3 -
CASE NO. 3:13-CV-02502-JD

A014

1  | Dated:  December 15, 2014          Respectfully submitted,

2

3  | By:/s/   _David E. Sipiora_

4  | KILPATRICK TOWNSEND & STOCKTON LLP

5  | Kenneth S. Chang (State Bar No. 211925)
     kschang@kilpatricktownsend.com
6  | No. 50 Boxia Road, Building R, Suite 401, 4th Floor
     Shanghai Pudong Software Park
7  | Shanghai 201203, China
     Telephone:  +86 (203) 175-6180
8

9  | David E. Sipiora (State Bar No. 124951)
     dsipiora@kilpatricktownsend.com
     Jeffrey M. Connor (pro hac vice)
10 | jmconnor@kilpatricktownsend.com
     Laura K. Mullendore (pro hac vice)
11 | lmullendore@kilpatricktownsend.com
     1400 Wewatta Street, Suite 600
12 | Denver, CO 80202
     Telephone:  (303) 571-4000
13 | Facsimile:  (303) 571-4321

14 | Robert J. Artuz (State Bar No. 227789)
     rartuz@kilpatricktownsend.com
15 | 1080 Marsh Road
     Menlo Park, CA 94025
16 | Telephone:  (650) 326-2400
     Facsimile:  (650) 326-2422
17

18 | Attorneys for Defendant
     GENIUS ELECTRONIC OPTICAL CO., LTD.

19 | 66784149

20

21

22

23

24

25

26

27

28

NOT. OF MOT. AND MOT. FOR LEAVE TO FILE MOT FOR RECONSIDERATION OF THE
COURT'S ORDER DATED DEC. 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT          - 4 -
CASE NO. 3:13-CV-02502-JD

A015

KILPATRICK TOWNSEND & STOCKTON LLP

Kenneth S. Chang (State Bar No. 211925)
*kschang@kilpatricktownsend.com*
No. 50 Boxia Road, Building R, Suite 401, 4th Floor
Shanghai Pudong Software Park
Shanghai 201203, China
Telephone:  86 (21) 3175-6180

David E. Sipiora (State Bar No. 124951)
*dsipiora@kilpatricktownsend.com*
Jeffrey M. Connor (*pro hac vice*)
*jmconnor@kilpatricktownsend.com*
Laura K. Mullendore (*pro hac vice*)
*lmullendore@kilpatricktownsend.com*
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone:  (303) 571-4000
Facsimile:  (303) 571-4321

Robert J. Artuz (State Bar No. 227789)
*rartuz@kilpatricktownsend.com*
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422

Attorneys for Defendant
GENIUS ELECTRONIC OPTICAL CO., LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD., | Case No. 3:13-CV-02502-JD |
| Plaintiff, | **DECLARATION OF JEFFREY CONNOR IN SUPPORT OF DEFENDANT GENIUS ELECTRONIC OPTICAL CO., LTD.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED DECEMBER 5, 2014 (D.I. 207) ON ATTORNEY WORK PRODUCT** |
| v. | |
| GENIUS ELECTRONIC OPTICAL CO., LTD., | |
| Defendant. | |

DECL. OF J. CONNOR IN SUPPORT OF DEF. GENIUS'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED DECEMBER 5, 2014
(D.I. 207) ON ATTORNEY WORK PRODUCT
CASE NO. 3:13-CV-02502-JD

A016

1    Pursuant to 28 U.S.C. § 1746, I, Jeffrey Connor, hereby declare:

2    1.    I am an attorney at the law firm Kilpatrick Townsend & Stockton LLP, and am one

3    of the counsel of record for Defendant Genius Electronic Optical Co., Ltd. ("Genius") in the

4    above-titled action. I am licensed to practice law in the State of Colorado, and am admitted to

5    practice before this Court *pro hac vice*. I make this declaration based on my personal knowledge,

6    and, if called upon as a witness, could and would testify competently to the matters set forth

7    below.

8    2.    On December 5, 2014, this Court held a telephonic hearing on Largan's letter brief

9    to the Court filed on October 24, 2014 (D.I. 150) in which Largan argued that Genius had

10   improperly redacted or withheld documents prepared by Genius employee C.J. Lin on the basis of

11   work product. During the telephonic hearing, the Court halted argument immediately after

12   confirming that Mr. Lin was not an attorney, nor acting at the behest of an attorney, when

13   preparing the documents.

14   I declare under penalty of perjury that the foregoing is true and correct.

15

16   Executed on December 15, 2014 at Denver, Colorado.

17                              */s/ Jeffery M. Connor*

18                              Jeffrey M. Connor (*pro hac vice*)
                               jmconnor@kilpatricktownsend.com
19
                               KILPATRICK TOWNSEND & STOCKTON LLP
20                              1400 Wewatta Street, Suite 600
                               Denver, CO 80202
21                              Telephone: (303) 571-4000
                               Facsimile: (303) 571-4321
22
                               Attorney for Defendant
23                              GENIUS ELECTRONIC OPTICAL CO., LTD.

24   66714498V.1

25

26

27

28
     DECL. OF J. CONNOR IN SUPPORT OF DEF. GENIUS'S MOTION FOR LEAVE TO FILE
     MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED DECEMBER 5, 2014
     (D.I. 207) ON ATTORNEY WORK PRODUCT                                      - 1 -
     CASE NO. 3:13-CV-02502-JD

**Stover, Stephannie**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Monday, December 15, 2014 6:56 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:13-cv-02502-JD Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd. Order |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### California Northern District

**Notice of Electronic Filing**

The following transaction was entered on 12/15/2014 at 5:56 PM PST and filed on 12/15/2014
**Case Name:**   Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd.
**Case Number:**   3:13-cv-02502-JD
**Filer:**
**Document Number:** 269(No document attached)

**Docket Text:**
ORDER re [267] MOTION for Leave to File on Attorney Work Product and [266] Letter Brief filed by Genius Electronic Optical. The Court denies the motion and letter brief as moot based on Genius's representation that it has complied with the Court's December 5, 2014, production order re C.J. Lin. If Largan seeks other documents for which Genius asserts work product objections, the burden is on Largan to move to compel production pursuant to the Court's standing order on discovery. The Court expects that this will not delay the depositions the Court previously ordered. (Donato, James) (Filed on 12/15/2014)

**3:13-cv-02502-JD Notice has been electronically mailed to:**

Brian Woo Lee    brian.lee@kirkland.com, erica.grubb@kirkland.com, wendy.adams@kirkland.com

David E. Sipiora    dsipiora@kilpatricktownsend.com, pfreitik@kilpatricktownsend.com

Gregory J. Apgar    gregory.apgar@kirkland.com

Gregory S. Bishop    bishopg@pepperlaw.com, mcdonougha@pepperlaw.com, morjiga@pepperlaw.com

1

Jeffrey Matthew Connor     jmconnor@kilpatricktownsend.com, lleone@kilpatricktownsend.com

John Dudley Esterhay     jesterhay@perkinscoie.com, pblanton@perkinscoie.com

John P. Schnurer     JSchnurer@perkinscoie.com, docketsdo@perkinscoie.com, schnurerdockets@perkinscoie.com, VBiernacke@perkinscoie.com

Joseph P. Reid     JReid@perkinscoie.com, pblanton@perkinscoie.com

Kenneth S. Chang     kschang@kilpatricktownsend.com, lleone@kilpatricktownsend.com, sstover@kilpatricktownsend.com

Kimberly Ione Kennedy     KimberlyKennedy@perkinscoie.com, dmart@perkinscoie.com

Laura Kathryn Mullendore     lmullendore@kilpatricktownsend.com

Michael James Engle     mengle@perkinscoie.com, docketpa@perkinscoie.com, mheap@perkinscoie.com

Robert John Artuz     rartuz@kilpatricktownsend.com, mrubida@kilpatricktownsend.com

Todd M. Friedman     tfriedman@kirkland.com

3:13-cv-02502-JD Please see Local Rule 5-5; Notice has NOT been electronically mailed to:

**PerkinsCoie**

11988 El Camino Real          **O** +1.858.720.5700
Suite 350                     **O** +1.858.720.5799
San Diego, CA 92130-2594         perkinscoie.com

December 16, 2014

**VIA ELECTRONIC FILING**

John P. Schnurer
JSchnurer@perkinscoie.com
D. (858) 720-5705
F. (858) 720-5805

The Honorable James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re:  ***Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.***
     **U.S. District Court Case No. CV-13-2502-JD: Genius Discovery Dispute**

Your Honor:

　　Pursuant to the Court's Standing Order and its December 15 Order denying Defendant Genius's Letter Brief (D.I. 269), Plaintiff Largan submits this letter summarizing an ongoing discovery dispute. Pursuant to the Standing Order and Local Rule 37-1(a), I certify that the parties have conferred multiple times, and cannot resolve this dispute without Court intervention.

**Summary of the Dispute**

　　Genius not only disobeyed the Court's December 5 Order to produce unredacted copies of documents improperly withheld under the "work product" doctrine (D.I. 207), but also misrepresented its lack of compliance in its December 15 briefs to the Court. (D.I. 266-67.) Largan still does not have the documents to which the Court said and ordered that it is entitled. By violating three Court orders and forcing Largan to move to compel the same documents for a third time, Largan asks the Court not only to compel the remainder of Genius's production and the reappearance of its witnesses to address them, but also that the Court sanction Genius for its ongoing obfuscation.

**Factual Background & Events Since the Court's December 5 Hearing**

　　As the Court will recall from Largan's October 24 Letter Brief, (D.I. 150), Largan moved to compel the production of Genius's email by a letter brief dated October 6, 2014. (D.I. 115.) The Court heard that motion at the October 16, 2014 *Markman* hearing and ordered Genius to produce its email by the close of discovery on October 24. (D.I. 143; Hearing Tr. 12:22 ("So let's get that out in one week from tomorrow.") (Oct. 16, 2014).)

　　Genius began its email production late in the evening of October 22, shortly before Largan's deposition of Genius employee C.J. Lin was scheduled to begin in Taiwan. Genius had redacted large swaths of text from Mr. Lin's emails and withheld others based on privilege or work product, preventing Largan from fully or effectively questioning him about them. During his deposition, Mr. Lin confirmed he is not a lawyer, either in the U.S. or Taiwan. He also testified that no one else associated with the redacted and withheld emails was an attorney either, and that many of the emails stemmed from before Genius retained counsel to assist it in this case.

　　Because Largan has accused Genius of willful infringement and indirect infringement, Genius's knowledge of Largan's patents and knowledge of infringement is directly in dispute. Consequently, on October 24, Largan confronted Genius about the need to produce unredacted versions of Mr. Lin's emails, together with patent analyses performed by Genius employee Arthur Berman, another non-lawyer. While Genius claimed an ambiguous "privilege" over all of these documents, it refused to articulate its specific basis for any of this, indicating only that it would provide a privilege log sometime "late" that night.

The Hon. James Donato
December 16, 2014
Page 2

Because October 24 was the Court's deadline for fact discovery, (D.I. 77), Largan could not wait to receive the logs. Accordingly, it moved to compel the improperly-withheld and redacted documents as specifically as it could. (D.I. 150.) And it was fortunate that Largan did not wait, as Genius later served its initial privilege and redaction logs at exactly midnight, containing 13 and 17 entries, respectively. Several of these entries included Mr. Lin as the author or recipient with no attorney or law firm associated with the document in any way.

Following the October 24 close of fact discovery—which was the Court's deadline for Genius to produce email—Genius proceeded to produce over 72,000 pages of documents and email from other custodians, in addition to over 11,000 pages from Genius consultants, which combined is nearly three times the 27,975 pages Genius produced during the entirety of the fact discovery period. In addition, on November 22, Genius served a supplemental privilege log (Exhibit A) and redaction log (Exhibit B), containing 872 and 217 additional entries, respectively. Included among these hundreds of entries were dozens of additional documents where C.J. Lin[1] and/or other Genius executives[2] were the only authors and recipients without any associated counsel. Genius has still not served complete privilege logs for its entire production.

The Court conducted its hearing on Largan's October 24 Letter Brief on Friday, December 5. During that hearing, the Court challenged Genius to substantiate its claims of privilege and work product regarding C.J. Lin.[3] When it could not do so, the Court ordered the C.J. Lin emails produced by the end of that day. (D.I. 207.) The Court also ordered Genius to finish its production of all documents by Monday, December 8 and afterward to provide three of its executives for 2-hour depositions to address Genius's untimely documents. (*Id.*)

On December 5, Genius produced only seven C.J. Lin emails from the dozens listed on Genius's privilege logs. Largan sought Genius's explanation for the limited nature of its production and demanded the remainder of the improperly-withheld and improperly-redacted documents. The parties exchanged multiple pieces of correspondence from December 6 to December 12 on this topic, as well as the scheduling of the make-up depositions.[4] In this correspondence, Largan identified specific examples of offending C.J. Lin correspondence[5] that were still being withheld despite the Court's Order, as well as noting the vast number of documents to which the very same rationale applied. Largan noted it was entitled to depose Genius's employees on all of the documents, whether that meant deposing the witnesses twice

---

[1] *E.g.*, Ex. A, #847-48, 854-55, 858-63, 865-9, 871-2, 874-5; Ex. B, #41-42, 45-58, 65-66, 69-73, 80-88, 91, 93-101, 232-33. Some (e.g., Ex. B, #48) claim only attorney-client privilege, which Genius at the hearing said it withdrew.

[2] *E.g.*, Ex. B, at #19-24. 38-40, 59-64, 67, 74, 104-26. Again, some (e.g., #59-64) are listed "Attorney-Client" only.

[3] Just prior to the hearing, Genius filed a letter brief withdrawing objections to the Berman materials. Based on the express text of Largan's October 24 letter, the C.J. Lin materials were the only ones remaining because prior to October 24, the only email Genius produced belonged to Mr. Lin. However, in addition to containing dozens more emails involving Mr. Lin, many of Genius's later-logged documents suffered from the identical problem even though the author or recipient was another Genius executive.

[4] After Largan rejected Genius's efforts to unilaterally schedule the depositions for Tuesday, December 9, *i.e.*, the day after Genius's production was to be completed which would not even have allowed Largan time to review Genius's production, Genius unilaterally set the depositions for Thursday, December 18.

[5] *See* Ex. A, at Entry Nos. 848, 859, 863, 865; Ex. B, at Entry Nos. 45, 65, 73, 84, 100, 232.

The Hon. James Donato
December 16, 2014
Page 3

more, or delaying the additional depositions to account for this ongoing dispute.

Believing Genius was stalling, Largan insisted that Genius agree to jointly approach the Court on Friday, December 12, by telephone or Largan would file a letter brief indicating Genius's lack of compliance with the Court's December 5 Order. Finally, after 4:00 pm on Friday as Largan was putting the finishing touches on its letter, Genius emailed to indicate it would be seeking reconsideration of the Court's December 5 Order.

The parties met and conferred telephonically on Saturday, December 13. At that point Genius indicated it would be moving for reconsideration on the seven C.J. Lin emails and seeking a "protective order" on all other withheld and redacted documents to which the same rationale applied. When asked to distinguish between the seven C.J. Lin emails it did produce and those C.J. Lin emails it did not produce, Genius's only explanation was that the Court's December 5 Order did not include emails on Genius's supplemental logs.[6] Genius also indicated it was taking the depositions scheduled for December 18 off-calendar.

On December 15, Genius filed its motion for reconsideration (D.I. 267) and its letter brief seeking a protective order (D.I. 266). To Largan's surprise, in the letter brief Genius contended it had "complied with" the Court's December 5 Order. In addition, while Genius referred to "additional documents" Largan was seeking and referenced Largan's specific examples, Genius never mentioned to the Court that those examples were of C.J. Lin emails for which no counsel were identified, i.e., exactly what the Court's Order compelled Genius to produce. Genius also failed to mention its withdrawal of the depositions scheduled for December 18.[7]

## Requested Relief

Presently, Largan has only seven of Genius's improperly-withheld and improperly-redacted C.J. Lin emails of the dozens that the Court ordered produced by December 5. Largan respectfully requests the Court order Genius to produce all of the remaining C.J. Lin emails, any other documents suffering from the same lack of privilege protection, and schedule additional depositions so Largan can ask questions regarding these documents.

Largan also asks the Court to sanction Genius for its behavior, whether monetary or evidentiary, and Largan is prepared to further brief the issue if requested. Genius has deliberately disobeyed the Court's Scheduling Order (setting Oct. 24 as the close of fact discovery), the Court's Oct. 16 Order to produce email, and the Court's Dec. 5 Order to produce all of C.J. Lin's email improperly redacted and withheld. In so doing, Genius has delayed this entire process and forced Largan to move three separate times—Oct. 10, Oct. 24, and now today—to compel the very same documents. At the very least, Largan believes Genius should have to bear the full costs of producing its witnesses, as the Court's Standing Order envisions, as well as to reimburse Largan for the cost of bringing at least this final motion to compel.

---

[6] This was obviously a red herring, as Genius had not provided *any* log when Largan moved on October 24. Instead, Genius's "protective order" (and its motion for reconsideration) was an improper attempt to introduce new case law for a second argument on the same issue that Genius already lost. (D.I. 166 at 2; D.I. 207.)

[7] In response to the Court's most recent order (D.I. 269), Genius appears to have changed its mind and is willing to provide depositions on everything except the improperly withheld documents by December 22, 2014.

The Hon. James Donato
December 16, 2014
Page 4


Respectfully submitted,

*/s/ John P. Schnurer*

John P. Schnurer
*Lead Counsel for Plaintiff Largan Precision Co., Ltd.*

Enclosures

## Stover, Stephannie

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Tuesday, December 16, 2014 7:24 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:13-cv-02502-JD Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd. Order on  Discovery Letter Brief |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### California Northern District

#### Notice of Electronic Filing

The following transaction was entered on 12/16/2014 at 6:24 PM PST and filed on 12/16/2014
**Case Name:**      Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd.
**Case Number:**   3:13-cv-02502-JD
**Filer:**
**Document Number:** 276(No document attached)

**Docket Text:**
**Order re discovery letter brief [274]. By 10:00 a.m. on 12/17/14, Largan will identify to Genius each document whose privilege or work product status it disputes. By the end of the day on 12/17/14, Genius will lodge with the Court (but not file) paper copies of each of the documents identified by Largan, along with the rows from its privilege logs related to those documents, for *in camera* review by the Court. (This is a text-only entry. No document is associated with this entry.) (jdlc3S, COURT STAFF) (Filed on 12/16/2014)**

**3:13-cv-02502-JD Notice has been electronically mailed to:**

Brian Woo Lee      brian.lee@kirkland.com, erica.grubb@kirkland.com, wendy.adams@kirkland.com

David E. Sipiora    dsipiora@kilpatricktownsend.com, pfreitik@kilpatricktownsend.com

Gregory J. Apgar    gregory.apgar@kirkland.com

Gregory S. Bishop    bishopg@pepperlaw.com, mcdonougha@pepperlaw.com, morjiga@pepperlaw.com

1

**Jeffrey Matthew Connor**   jmconnor@kilpatricktownsend.com, lleone@kilpatricktownsend.com

**John Dudley Esterhay**   jesterhay@perkinscoie.com, pblanton@perkinscoie.com

**John P. Schnurer**   JSchnurer@perkinscoie.com, docketsdo@perkinscoie.com, schnurerdockets@perkinscoie.com, VBiernacke@perkinscoie.com

**Joseph P. Reid**   JReid@perkinscoie.com, pblanton@perkinscoie.com

**Kenneth S. Chang**   kschang@kilpatricktownsend.com, lleone@kilpatricktownsend.com, sstover@kilpatricktownsend.com

**Kimberly Ione Kennedy**   KimberlyKennedy@perkinscoie.com, dmart@perkinscoie.com

**Laura Kathryn Mullendore**   lmullendore@kilpatricktownsend.com

**Michael James Engle**   mengle@perkinscoie.com, docketpa@perkinscoie.com, mheap@perkinscoie.com

**Robert John Artuz**   rartuz@kilpatricktownsend.com, mrubida@kilpatricktownsend.com

**Todd M. Friedman**   tfriedman@kirkland.com

**3:13-cv-02502-JD Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

A025

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARGAN PRECISION CO, LTD,

Plaintiff,

v.

GENIUS ELECTRONIC OPTICAL CO.,
LTD.,

Defendant.

Case No.  13-cv-02502-JD

**ORDER RE MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Re: Dkt. No. 274

On December 16, 2014, Largan moved to compel production of certain documents that Genius withheld from production on the basis of the work product doctrine and attorney-client privilege, despite no attorney having been listed for the documents on Genius's privilege logs. *See* Dkt. No. 274. The Court ordered the parties to agree on a list of disputed documents and ordered Genius to lodge those documents with the Court for *in camera* review by the end of the day on December 17, 2014. *See* Dkt. No. 276. That was necessary because three long-delayed depositions of Genius employees are set to take place on December 22, 2014. After reviewing the documents, the Court finds that Genius has abused the assertion of the privilege and doctrine, at times egregiously. The Court orders Genius to conform to the following directions.

## DISCUSSION

The dispute that the parties initially brought to the Court was restricted to "dozens" of emails from a Genius employee named C.J. Lin, which Genius claimed were protected by the work product doctrine. *See* Dkt. No. 274 at 2. The set of disputed documents that Genius ultimately ended up providing to the Court, however, had ballooned to over three hundred documents involving claims of work product and the attorney-client privilege -- far too many for the Court to wade through. The Court focused review on the 103 documents listed in Largan's

1    letter brief. *See* Dkt. No. 274 at 2 nn.1-2. But the Court provides instruction to Genius for re-

2    evaluating its privilege claims, which sweep far too broadly.

3         "The work-product doctrine protects 'from discovery documents and tangible things

4    prepared by a party or his representative in anticipation of litigation'" and "covers documents or

5    the compilation of materials prepared by agents of the attorney in preparation for litigation."

6    *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (citations omitted); *see also Hernandez*

7    *v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) ("The work product doctrine is a 'qualified

8    privilege' that protects 'certain materials prepared by an attorney acting for his client in

9    anticipation of litigation.'"). Genius seeks to claim work product protection for its documents

10   based on three events: a patent infringement notice letter from Largan in 2011, the assertion of

11   patents by Fujinon against a Genius customer, and the 2013 notice letter Largan sent to Genius.

12   (Genius also claims privilege over some documents relating to the prosecution of Genius patents.)

13   It appears that Genius claims work product over discussions regarding these patent assertions

14   (whether or not any lawyers are involved) starting immediately after each notice letter and

15   continuing months afterwards, even if no litigation ultimately transpired. For example, document

16   19 from Genius's First Supplemental Redaction Log indicates that the 2011 notice letter was sent

17   on June 24, 2011, but Genius claims work product based on that notice letter over emails from

18   mid-January 2012.

19        But a standard patent infringement notice letter, on its own, generally does not cause its

20   recipient to reasonably anticipate litigation. The whole purpose of sending a letter, rather than a

21   summons, is to allow for resolution outside the courthouse. *See Indiana Mills & Mfg., Inc. v.*

22   *Dorel Indus.*, No. 1:04CV01102-LJM-WTL, 2006 WL 1749410, at *4 (S.D. Ind. 2006)

23   (concluding that defendant could not reasonably anticipate litigation after receiving a letter from

24   the patent holder which referred to infringement and the possibility of "other action" absent a

25   prompt response); *Minbea Co. v. Papst*, 355 F. Supp. 2d 526, 528-29 (D.D.C. 2005) (patent

26   "license negotiations are not, by definition, in anticipation of litigation"); *cf. Cache La Poudre*

27   *Feeds, LLC f. Land O'Lakes, Inc.*, 244 F.R.D. 614, 622 (D. Colo. 2007) (receiving

28   communications seeking business remedy insufficient for reasonable anticipation of litigation) .

2

United States District Court
Northern District of California

1  Documents 95 and 93 from Genius's First Supplemental Redaction Log themselves show that

2  Genius believed options other than litigation were real possibilities even after receiving Largan's

3  2013 notice letter.

4  The fact that the discussions over which Genius claims work product protection involved

5  no attorneys is another good sign that they were not prepared in anticipation of litigation. *See*

6  *United States v. ISS Marine Services, Inc.*, 905 F. Supp. 2d 121, 134 (D.D.C. 2012) (holding that

7  "attorneys are the ones who actually litigate cases, and whether or not a company

8  involves attorneys in creating a document is a telling indication about whether the document was

9  prepared in anticipation of litigation"). Genius cannot claim work product protection for emails

10  and documents between non-lawyers discussing what to do about Largan's or Fujinon's

11  allegations or analyses of those companies' patents simply because they followed claims of patent

12  infringement from those companies. Invocation of the work product doctrine requires more. And

13  Genius cannot claim attorney-client privilege for those discussions unless the emails and

14  documents show that they were, in fact, communications between attorney and client for the

15  purpose of obtaining legal advice. If Genius intends to stand on the privilege, it must provide an

16  amended privilege log to Largan that specifies the identity of the attorney's involved and

17  represents that the communications were for legal advice.

18  In addition, although invention disclosures submitted to an attorney for the purpose of

19  potentially preparing a patent application are privileged, *see In re Spalding Sports Worldwide,*

20  *Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000), "the prosecution of patents is not generally protected by

21  the work product privilege" *Minbea*, 355 F. Supp. 2d at 529. Accordingly, Genius emails between

22  non-lawyers relating to its plans for prosecuting certain patents are not necessarily privileged.

23  Genius's arguments further suffer from the fact that it seeks to suppress documents with no

24  conceivable claim to privilege -- like documents 108-112, 114-18, 120-24, which are copies of

25  public Largan patents that followed notice from Largan. This is at best sloppy work by counsel, or

26  at worst an indicator of a serious misunderstanding of the law of privilege. Genius needs to ensure

27  that no such obviously non-privileged documents are withheld.

28  The Court orders Genius to produce these documents immediately to Largan: 19-24, 38-

40, 59-64, 66-67, 69-72, 74, 80-88, 91, 93-100, and 104-26 from Genius's First Supplemental

Redaction Log and 869 and 872-875 from Genius's First Supplemental Privilege Log. Delivery to

Largan must be done in a way that does not impede or slow down the depositions that are

scheduled. The Court makes no judgment as to documents 41-42, 45-49, 50-58, 65, 73, 101, and

232-233 from Genius's First Supplemental Redaction Log and documents 860-63, 865-68, and

871 from Genius's First Supplemental Privilege Log because they contain large portions in

Chinese whose meaning is not obvious from context. Genius should review these documents and

the other disputed documents and produce those that are not privileged or work product in

accordance with the Court's guidance.

Although Genius's arguments here were weak, the Court recognizes the effort by the

younger attorneys and legal assistants on Genius's team who put together the documents for *in*

*camera* review on short notice in a format that allowed easy verification of Genius's privilege

claims. The organization of the documents and privilege logs was useful to the Court.

**IT IS SO ORDERED**.

Dated: December 21, 2014

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4

KILPATRICK TOWNSEND & STOCKTON LLP

Kenneth S. Chang (State Bar No. 211925)
*kschang@kilpatricktownsend.com*
No. 50 Boxia Road, Building R, Suite 401, 4th Floor
Shanghai Pudong Software Park
Shanghai 201203, China
Telephone:  86 (21) 3175-6180

David E. Sipiora (State Bar No. 124951)
*dsipiora@kilpatricktownsend.com*
Jeffrey M. Connor (*pro hac vice*)
*jmconnor@kilpatricktownsend.com*
Laura K. Mullendore (*pro hac vice*)
*lmullendore@kilpatricktownsend.com*
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone:  (303) 571-4000
Facsimile:  (303) 571-4321

Robert J. Artuz (State Bar No. 227789)
*rartuz@kilpatricktownsend.com*
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422

Attorneys for Defendant GENIUS ELECTRONIC OPTICAL CO., LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD., | Case No. 3:13-CV-02502-JD |
| Plaintiff, | **GENIUS ELECTRONIC OPTICAL CO., LTD.'S MOTION FOR LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)** |
| v. | |
| GENIUS ELECTRONIC OPTICAL CO., LTD., | |
| Defendant. | |

**MOTION FOR LEAVE AND STAY**

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-11, Defendant Genius Electronic Optical Co., Ltd. ("Genius") respectfully moves this Court for leave to submit for *in camera* inspection two translations of Chinese language documents not previously available to the Court. The first is a translation of a privileged Chinese-language email from C.J. Lin to Genius Chairman, Jones Chen, warning of litigation with Largan following receipt of an infringement notice letter from Largan in 2013. The second is a translation of a Chinese-language email chain between Genius employee Elmer Chang and Largan in-house counsel that memorializes actual threats of litigation made by Largan if Genius did not take a license as demanded in two 2011 infringement notice letters. Both of these translations – translations not previously before the Court – demonstrate that there was a real prospect of imminent litigation following Genius's receipt of Largan's notice letters in both 2011 and 2013. Further, the accompanying declarations from C.J. Lin and Elmer Chang confirm that certain documents prepared by Genius subsequent to receiving the notice letters would not have been created but for that prospect of litigation.

In light of this additional information now available to the Court, Genius respectfully requests that the Court stay its December 21, 2014 order requiring the production of certain documents pending the Court's consideration of this additional information confirming the work-product status of certain documents withheld by Genius in the litigation.

## I.    INTRODUCTION

On December 17, 2014, pursuant to Court Order (D.I. 276), Largan identified a list of documents on which it challenged privilege, and Genius submitted those documents to the Court for *in camera* inspection that same day.[1] As acknowledged by the Court (*see* D.I. 295), included

---

[1] To summarize the prior history, on October 24, 2014, Largan presented a letter brief to the Court (D.I. 150), arguing that Genius had improperly redacted or withheld documents prepared by C.J. Lin on the sole basis of work product on the sole ground that no attorney was involved in the creation of the documents. (*Id.* at 2.) Largan did not dispute that the documents were created in anticipation of litigation. On December 5, 2014, this Court held a telephonic hearing and, agreeing with Largan, it ordered Genius to produce the Lin documents. (D.I. 207.) Genius moved for reconsideration and for a protective order arguing that, under controlling legal authority, a lawyer need not be involved for work product protection to be available, but rather that the only requirements for work product protection are that the documents were created (1) by a party, and (2) in anticipation of litigation. (D.I. 266-67.) The Court denied the motions as moot because

MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
STAY OF ORDER (D.I. 295)                                                                              - 1 -
CASE NO. 3:13-CV-02502-JD

1    in that submission were numerous Chinese-language documents that, due to severe time

2    constraints, Genius was unable to have translated for the Court. Accordingly, the Court conducted

3    its analysis without the benefit of the information contained in those Chinese-language documents.

4    Indeed, the Court expressly reserved judgment as to those documents because they contained

5    "large portions in Chinese whose meaning is not obvious from context," including document Entry

6    No. 73 of Genius's 1st Supplemental Redaction Log ("the Lin/Jones Email"). (*Id.* at 4.) Further,

7    the Court did not have the benefit of referencing other Chinese-language non-privileged

8    communications between Genius and Largan as part of its analysis.

9        On December 21, 2014, this Court issued an Order compelling Genius to produce certain

10    documents claimed as privileged by Genius.[2] (D.I. 295.)

## II.    LEAVE AND A STAY IS APPROPRIATE TO PERMIT THE COURT TO COMPLETE *IN CAMERA* INSPECTION

13        The additional translated information provided to the Court in conjunction with this Motion

14    will allow the Court to complete its *in camera* review with the full context needed for the

15    appropriate privilege determinations. The two translations provided, as well as the accompanying

16    declarations from C.J. Lin and Elmer Chang, conclusively demonstrate that certain documents

17    were prepared by representatives of Genius "in anticipation of litigation" as required for work

18    product protection.[3] *In re Grand Jury Subpoena*, 357 F.3d 900, 906-07 (9th Cir. 2004).

19        Documents prepared by or for a party, or the party's representative, in anticipation of

20    litigation are protected from discovery under the work product doctrine. *See* Fed. R. Civ. Pro.

---

Genius produced the Lin documents in compliance with the Court's December 5 Order and stated the burden was on Largan to move to compel production of other documents over which Genius asserts work product. (D.I. 269.) In a letter brief moving to compel, Largan again did not dispute that the privileged documents were created in anticipation of litigation. (D.I. 274.) The Court did not address the merits of Largan's arguments and instead ordered *in camera* inspection of the disputed documents. (D.I. 276).

[2] In view of the Court's guidance and compliance with the Court's Order to "review [the Chinese language] documents and other disputed documents and produce those that are not privileged or work product," Genius has reevaluated its privilege claims as it pertains to documents related to the 2011 and 2013 notice letters and produced all documents it determined were not created because of the prospect of litigation.

[3] Indeed, prior to the Court's December 21, 2014 order, there was no dispute as to whether certain documents had been prepared "in anticipation of litigation," only whether actual attorney involvement was also required in order for work product protection to apply. *See* D.I. 150, 274.

MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
STAY OF ORDER (D.I. 295)                                                      - 2 -
CASE NO. 3:13-CV-02502-JD

26(b)(3); *see also In re Grand Jury Subpoena*, 357 F.3d at 906-07. For a document "to have been prepared in anticipation of litigation does not mean that litigation need have actually commenced, but 'there must be more than a remote possibility of litigation.'" *Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786 JSW(EMC), 2004 WL 1878209, at *5 (N.D. Cal. Aug. 23, 2004) (*quoting Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988)); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 78 (D.D.C. 2003) ("To qualify for work product protection, litigation need not be actual or imminent; it need only be 'fairly foreseeable.'") (*quoting Coastal States Gas. Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980)). A document is deemed prepared "in anticipation of litigation" and thus eligible for work product protection if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena*, 357 F.3d at 907.

### A. The Prospect of Litigation Following the 2013 Infringement Notice Letter

The first translated document provided to the Court is an email from the Manager of the Genius IP Department, C.J. Lin, to the President and Chairman of Genius, Mr. Tien-Ching "Jones" Chen. (*See* Declaration of C.J. Lin, attached hereto, ¶¶ 3-4, Ex. B.) In this email, Mr. Lin informs Mr. Chen of the 2013 notice letter and advises him of the attendant risks, including specifically "there may be lawsuits" and associated "damages" and "litigation costs" with the worst case scenario being an injunction. (*See id.*) Mr. Lin was compelled to alert Mr. Chen – Genius's highest executive – to Largan's notice letter because he considered that Largan's letter presented the prospect of litigation, and that Genius needed to consider this prospect, and prepare for litigation, as a result. (*See id.* at ¶ 5.)

This translation, in conjunction with Mr. Lin's declaration, establish that the email itself and certain internal Genius documents prepared subsequent to receipt of Largan's 2013 infringement notice letter were prepared because of the prospect of litigation, and would not have been created but for that prospect. (*Id.* at ¶ 6.)[4] Therefore, work product protection applies. *In re*

---

[4] Specifically, work product is being claimed with respect to only four unique documents following the 2013 infringement notice letter: (1) **Document 73** (and duplicate 233) from Genius's 1st Supp. Redaction

MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
STAY OF ORDER (D.I. 295)                                                              - 3 -
CASE NO. 3:13-CV-02502-JD

*Grand Jury Subpoena*, 357 F.3d at 907.

### B. The Prospect of Litigation Following the 2011 Infringement Notice Letters

The second translated document consists of emails between Elmer Chang, Chief Technology Officer of Genius, and Largan in-house counsel, Chia-Wen Lee, in 2011. (*See* Declaration of Kuo-Wen Chang, ¶ 6, Ex. B.) When Mr. Chang received the 2011 infringement notice letters from Largan, he was so concerned that Genius might be sued for patent infringement that he promptly arranged a meeting with Largan. (*Id.* at ¶ 3.) During that meeting, Largan threatened Genius with litigation if Genius did not agree to a patent license. (*Id.*) That threat was memorialized in the translated email exchanges of August 31, 2011, where Mr. Chang advised that if the parties were to "avoid litigation" that Largan threatened against Genius, Largan must provide more convincing arguments as to the need for a license. (*Id.* at ¶ 4, Ex. B.) This is also confirmed in the September 6, 2011 email, wherein Ms. Lee again threatened Genius with a lawsuit if the dispute was not resolved by license. (*Id.* at ¶ 5, Ex. B.) Mr. Chang's declaration also establishes that the prospect of litigation on the patents asserted in the 2011 notice letters is still a viable concern to Genius. (*Id.* at ¶ 7.) Indeed, Ms. Lee herself confirmed at her deposition that Largan still considers the infringement issues described in the 2011 notice letters to be open and unresolved. *See* Declaration of Jeffrey M. Connor, ¶ 2, Ex. A at 40:12-18, 44:22-45:11.

This translation, in conjunction with Mr. Chang's declaration, establish that certain internal Genius documents prepared subsequent to receipt of Largan's 2011 infringement notice letters were prepared because of the prospect of litigation, and would not have been created but for that prospect. (Chang Decl. at ¶ 8.)[5] Therefore, work product protection applies here also. *In re*

Log, the translation of which is provided as Exhibit B to the Lin Declaration; (2) **Document 29** from the Privilege Log of Arthur Berman; (3) **Document 95** from Genius's 1st Supp. Redaction Log; and (4) **Document 65** (and duplicate 232) from Genius's 1st Supp. Redaction Log. The remaining documents on which privilege is claimed are iterations of Document 29 (Documents 9-11 and 13) from the Privilege Log of Arthur Berman, or Document 95 (Documents 66-67, 69, 70-72, 74, 80-88, 91-94, 96-101, 104-107, 113, 119, 125, 126) from Genius's 1st Supp. Redaction Log, which are iterations of the same email chain, with some non-responsive and irrelevant side conversations found in certain instances of the chain.

[5] Similarly, work product is being claimed with respect to only six unique document sets following the 2011 infringement notice letters: (1) **Document 106** (and related 107-110) from the Genius's 1st Supp. Privilege Log; (2) **Document 23** (plus attachment 24) from Genius's 1st Supp. Redaction Log; (3) **Document 113** (plus attachments 114-115) from Genius's 1st Supp. Privilege Log; (4) **Document 99-102** (and duplicates at 103-105 and 116-118) from Genius's 1st Supp. Privilege Log plus duplicate 8 from the

MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
STAY OF ORDER (D.I. 295)                                                         - 4 -
CASE NO. 3:13-CV-02502-JD

A034

1    *Grand Jury Subpoena*, 357 F.3d at 907.

2        **C.    A Stay Is Necessary To Avoid Irreparable Harm**

3            Finally, a stay of the Order pending completion of the Court's *in camera* consideration of

4    the above-described information is warranted because the disclosure of Genius information

5    protected by the work product doctrine will seriously harm Genius and likely cannot be undone

6    later. *See, e.g., Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (noting the

7    "irreparable harm a party likely will suffer if erroneously required to disclose privileged

8    materials") (*quoting Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989)).

9    Largan will not be harmed by a short stay so that the Court can consider the full context of the

10   dispute, particularly given that this is a collateral dispute over privileged documents.

11           For the foregoing reasons, Genius respectfully requests that its Motion be granted and a

12   stay issue pending completion of the Court's *in camera* inspection and evaluation of Genius's

13   work product privilege claims.

14   Dated:  December 24, 2014         Respectfully submitted,

15

16                                    By:/s/  *David E. Sipiora*

17                                    KILPATRICK TOWNSEND & STOCKTON LLP

18                                    Kenneth S. Chang (State Bar No. 211925)
                                      *kschang@kilpatricktownsend.com*
19                                    No. 50 Boxia Road, Building R, Suite 401, 4th Floor
                                      Shanghai Pudong Software Park
20                                    Shanghai 201203, China
                                      Telephone:  +86 (203) 175-6180
21
                                      David E. Sipiora (State Bar No. 124951)
22                                    *dsipiora@kilpatricktownsend.com*
                                      Jeffrey M. Connor (*pro hac vice*)
23                                    *jmconnor@kilpatricktownsend.com*
                                      Laura K. Mullendore (*pro hac vice*)
24                                    *lmullendore@kilpatricktownsend.com*
                                      1400 Wewatta Street, Suite 600
25                                    Denver, CO 80202
                                      Telephone:  (303) 571-4000
26                                    Facsimile:  (303) 571-4321

27   Privilege Log of Arthur Berman; (5) **Document 213** (and close iterations of same chain at 205-208, 211,
     214-15, 222, and 224) from Genius's 1st Supp. Privilege Log; and (6) **Document 112** (and duplicate 111)
28   from Genius's 1st Supp. Privilege Log.

     MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
     STAY OF ORDER (D.I. 295)                                                      - 5 -
     CASE NO. 3:13-CV-02502-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert J. Artuz (State Bar No. 227789)
*rartuz@kilpatricktownsend.com*
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422

Attorneys for Defendant
GENIUS ELECTRONIC OPTICAL CO., LTD.

66782114

MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR IN CAMERA INSPECTION AND FOR
STAY OF ORDER (D.I. 295)                                                                                    - 6 -
CASE NO. 3:13-CV-02502-JD

1  KILPATRICK TOWNSEND & STOCKTON LLP

2  Kenneth S. Chang (State Bar No. 211925)
   *kschang@kilpatricktownsend.com*
3  No. 50 Boxia Road, Building R, Suite 401, 4th Floor
   Shanghai Pudong Software Park
4  Shanghai 201203, China
   Telephone:  86 (21) 3175-6180
5
   David E. Sipiora (State Bar No. 124951)
6  *dsipiora@kilpatricktownsend.com*
   Jeffrey M. Connor (*pro hac vice*)
7  *jmconnor@kilpatricktownsend.com*
   Laura K. Mullendore (*pro hac vice*)
8  *lmullendore@kilpatricktownsend.com*
   1400 Wewatta Street, Suite 600
9  Denver, CO 80202
   Telephone:  (303) 571-4000
10 Facsimile:  (303) 571-4321

11 Robert J. Artuz (State Bar No. 227789)
   *rartuz@kilpatricktownsend.com*
12 1080 Marsh Road
   Menlo Park, CA 94025
13 Telephone:  (650) 326-2400
   Facsimile:  (650) 326-2422
14
   Attorneys for Defendant
15 GENIUS ELECTRONIC OPTICAL CO., LTD.

16                UNITED STATES DISTRICT COURT

17           FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19
   LARGAN PRECISION CO., LTD.,          | Case No. 3:13-CV-02502-JD
20
            Plaintiff,                   | **DECLARATION OF C.J. LIN IN
21                                       | SUPPORT OF MOTION FOR LEAVE TO
            v.                           | SUBMIT DOCUMENTS FOR *IN CAMERA*
22                                       | INSPECTION AND FOR STAY OF
   GENIUS ELECTRONIC OPTICAL CO.,        | ORDER (D.I. 295)**
23 LTD.,

24          Defendant.

25

26

27

28

DECL. OF C.J. LIN IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENTS FOR
*IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)
CASE NO. 3:13-CV-02502-JD

1    Pursuant to 28 U.S.C. § 1746, I, C.J. Lin, hereby declare:

2        1.    I am the Manager of the Intellectual Property Department for Genius Electronic

3    Optical Co., Ltd. I make this declaration based on my personal knowledge, and, if called upon as a

4    witness, could and would testify competently to the matters set forth below.

5        2.    I received a patent infringement notice letter and email sent to me on April 2, 2013,

6    by Largan Precision Co., Ltd. in-house attorney Chia-Wen Lee.

7        3.    One week later, on April 9, 2013, I emailed a copy of Largan's infringement notice

8    letter and email to the Chairman and President of Genius, Mr. Tien-Ching "Jones" Chen, which

9    included commentary from me regarding Largan's notice letter. This email, a copy of which is

10    attached as Exhibit A, was composed in Chinese, my native language. I am informed that my

11    email was provided to the Court for inspection identified as Entry No. 73 (GSEO 00038831-33) on

12    Genius's 1st Supp. Redaction Log of Genius Elec. Optical Co ("Document 73").

13        4.    Attached as Exhibit B is a true and correct copy of an English translation of

14    Document 73. I have reviewed this translation and confirm that it is accurate to the best of my

15    knowledge.

16        5.    As seen in Exhibit B, I specifically alerted Mr. Chen in Document 73 to the risk that

17    Largan may sue Genius for patent infringement, specifically identifying "[t]here may be lawsuits

18    happening, damages and litigation costs." In other words, at the time I sent Document 73, I

19    believed there was a real possibility of litigation which Genius needed to address. I would not

20    have alerted the Chairman and President of my company to Largan's notice letter unless I believed

21    that (i) Largan's allegations represented a real possibility of future litigation, and (ii) Genius

22    needed to consider the prospect of, and prepare for, litigation as a result. The reasonableness of

23    my belief was verified when Largan did in fact sue Genius on June 4, 2013, for infringement of the

24    patents identified in its April 2, 2013 infringement notice letter.

25        6.    Additional internal Genius documents prepared subsequent to my April 9, 2013

26    email to the Genius Chairman and President that reference the Largan April 2,2013 notice letter

27    also were prepared because of the prospect of litigation, and would not have been created but for

28    that prospect of litigation.

DECL. OF C.J. LIN IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENTS FOR
*IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)                          - 1 -
CASE NO. 3:13-CV-02502-JD

1        I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on December 24, 2014 at Taichung City, Taiwan.

3    _____

4    C.J. Lin

5    GENIUS ELECTRONIC OPTICAL CO., LTD.

66803984

DECL. OF C.J. LIN IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENT FOR
*IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)      - 2 -
CASE NO. 3:13-CV-02502-JD

1    KILPATRICK TOWNSEND & STOCKTON LLP

2    Kenneth S. Chang (State Bar No. 211925)
     *kschang@kilpatricktownsend.com*
3    No. 50 Boxia Road, Building R, Suite 401, 4th Floor
     Shanghai Pudong Software Park
4    Shanghai 201203, China
     Telephone:  86 (21) 3175-6180

5
     David E. Sipiora (State Bar No. 124951)
6    *dsipiora@kilpatricktownsend.com*
     Jeffrey M. Connor (*pro hac vice*)
7    *jmconnor@kilpatricktownsend.com*
     Laura K. Mullendore (*pro hac vice*)
8    *lmullendore@kilpatricktownsend.com*
     1400 Wewatta Street, Suite 600
9    Denver, CO 80202
     Telephone:  (303) 571-4000
10   Facsimile:  (303) 571-4321

11   Robert J. Artuz (State Bar No. 227789)
     *rartuz@kilpatricktownsend.com*
12   1080 Marsh Road
     Menlo Park, CA 94025
13   Telephone:  (650) 326-2400
     Facsimile:  (650) 326-2422

14
     Attorneys for Defendant
15   GENIUS ELECTRONIC OPTICAL CO., LTD.

16                    UNITED STATES DISTRICT COURT

17            FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

19   LARGAN PRECISION CO., LTD.,          | Case No. 3:13-CV-02502-JD

20              Plaintiff,                **DECLARATION OF KUO-WEN CHANG
                                          IN SUPPORT OF MOTION FOR LEAVE
21         v.                             TO SUBMIT DOCUMENTS FOR *IN
                                          CAMERA* INSPECTION AND FOR STAY
22   GENIUS ELECTRONIC OPTICAL CO.,       OF ORDER (D.I. 295)**
     LTD.,
23
24              Defendant.

25

26

27

28
     DECL. OF K. CHANG IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENTS
     FOR *IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)
     CASE NO. 3:13-CV-02502-JD

1    Pursuant to 28 U.S.C. § 1746, I, Dr. Kuo-Wen "Elmer" Chang, hereby declare:

2    1.    I am the Chief Technology Officer at Genius Electronic Optical Co., Ltd.

3    ("Genius").  I make this declaration based on my personal knowledge, and, if called upon as a

4    witness, could and would testify competently to the matters set forth below.

5    2.    On June 24, 2011, Chia-Wen Lee, in-house attorney at Largan Precision Co., Ltd.

6    ("Largan"), sent my colleague Denis Mack-Mumford a patent infringement notice letter.  On July

7    11, 2011, Ms. Lee sent a second patent infringement notice letter to the Chairman and President of

8    Genius, Mr. Tien-Ching "Jones" Chen.  Both of these notice letters were forwarded to me for

9    response.

10   3.    When I received these letters, I was very concerned that Genius might be sued for

11   patent infringement by Largan.  Accordingly, I promptly arranged a meeting with Ms. Lee and her

12   Largan colleague Major Li on August 15, 2011, to discuss this matter in person at GSEO's

13   meeting room.  During that meeting, Ms. Lee and Mr. Li threatened Genius with such a patent

14   lawsuit if Genius did not agree to a patent license with Largan.

15   4.    My concern regarding the prospect of litigation was contemporaneously

16   memorialized in an email I sent Ms. Lee on August 31, 2011, as a follow up to our meeting where

17   I informed Ms. Lee that if the parties were to "avoid litigation" of the type Largan had threatened

18   against Genius, Largan must provide more convincing arguments as to the need for a license.  This

19   email was in Chinese, my native language

20   5.    In a September 6, 2011 email in response, Ms. Lee again threatened Genius with a

21   lawsuit if this matter was not resolved by license and she even suggested I consult a lawyer.  This

22   response is also in Chinese.

23   6.    I am informed that these Chinese language email communications were produced

24   as GSEO00040911-12, a copy of which is attached hereto as Exhibit A.  Attached as Exhibit B is

25   a true and correct copy of an English translation of these same communications.

26   7.    As seen in Exhibits A and B, at the time I met with Largan in August 2011 and

27   when I sent and received the emails in Exhibits A and B, I believed there was a real possibility of

28   litigation with Largan and that our company should prepare for such an event.  Although Largan

DECL. OF K. CHANG IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENTS
FOR *IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)          - 1 -
CASE NO. 3:13-CV-02502-JD

1   has not yet sued Genius on the specific patents identified in Largan's 2011 notice letters, my

2   concern regarding the prospect of litigation (1) was substantiated when Largan did in fact sue

3   Genius on June 4, 2013, for infringement of other patents; and (2) remains a reasonable concern to

4   this day because Largan still considers the matter of the 2011 notice letters to be open and,

5   therefore, the prospect of Largan filing an additional patent litigation continues to be of serious

6   concern to Genius.  Since sending its infringement notice letters in 2011, Largan has not provided

7   Genius with any assurance that it will not sue Genius for patent infringement on the patents

8   identified in the 2011 infringement notice letters.

9       8.     A number of internal Genius documents prepared subsequent to Genius's receipt of

10  the 2011 infringement notice letters were prepared because of the prospect of patent litigation with

11  Largan, and would not have been created but for that prospect of litigation.

12      I declare under penalty of perjury that the foregoing is true and correct.

13  Executed on December 24, 2014 at Taichung City, Taiwan.

14

15                                        _____

16                                        Dr. Kuo-Wen "Elmer" Chang

17  66806657                              GENIUS ELECTRONIC OPTICAL CO., LTD.

18

19

20

21

22

23

24

25

26

27

28

DECL. OF K. CHANG IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT DOCUMENTS
FOR *IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)                    - 2 -
CASE NO. 3:13-CV-02502-JD

1  has not yet sued Genius on the specific patents identified in Largan's 2011 notice letters, my

2  concern regarding the prospect of litigation (1) was substantiated when Largan did in fact sue

3  Genius on June 4, 2013, for infringement of other patents; and (2) remains a reasonable concern to

4  this day because Largan still considers the matter of the 2011 notice letters to be open and,

5  therefore, the prospect of Largan filing an additional patent litigation continues to be of serious

6  concern to Genius.  Since sending its infringement notice letters in 2011, Largan has not provided

7  Genius with any assurance that it will not sue Genius for patent infringement on the patents

8  identified in the 2011 infringement notice letters.

9       8.    A number of internal Genius documents prepared subsequent to Genius's receipt of

10  the 2011 infringement notice letters were prepared because of the prospect of patent litigation with

11  Largan, and would not have been created but for that prospect of litigation.

12       I declare under penalty of perjury that the foregoing is true and correct.

13  Executed on December 24, 2014 at Taichung City, Taiwan.

14

15

16       Dr. Kuo-Wen "Elmer" Chang

17  66806657       GENIUS ELECTRONIC OPTICAL CO., LTD.

18

19

20

21

22

23

24

25

26

27

28

A043

# EXHIBIT A

Message

| | |
|---|---|
| **From:** | Wen Lee(李佳紋)(大立 [wenlee@largan.com.tw] |
| **Sent:** | 9/6/2011 4:17:54 AM |
| **To:** | Elmer Chang [elmer@gseo.com] |
| **CC:** | alex@gseo.com; denis@gseo.com; majorli@largan.com.tw |
| **Subject:** | RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340 |
| **Attachments:** | CN 101762865B.pdf; M299861.pdf; CN 200941128Y.pdf |

張先生 您好:

感謝您撥冗回覆,但很遺憾 貴司之回應僅重覆八月十五日之面談內容,並無實際或具體說明如何於雙方解決相關專利授權事宜之進展。

對於 貴司所謂"貴公司的專利似乎不能提供我方產品更多之保障"之語,我司不甚理解或認同。一來, 貴司未提出針對專利性之具體評估內容;二來,貴司未曾提出任何證明說明不存在製造或販售符合我司專利之產品;再來, 貴司未提出 貴司宣稱之"業界一般授權水準"借推說我司授權金額偏高;以致我司認為 貴司除了拖延時間外,無解決專利授權事宜之善意。必要時,我司將選擇其他法律管道維護我司之智慧財產權。

為顧及雙方權益,建議是否能與 貴司委託之律師洽談,或許有益專利授權事宜討論之進展。

至於'078專利,期待九月中旬 貴司有明確具體之回應。
併附上'079對應之中國專利和'078對應之台灣、中國專利,供 貴司參考。

請惠予提供 貴司所委託律師之連絡方式。謝謝您。

李佳紋 敬上

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Wednesday, August 31, 2011 3:02 PM
**To:** wenlee@largan.com.tw
**Cc:** alex@gseo.com; denis@gseo.com; majorli@largan.com.tw
**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

李小姐:

上次您來拜訪後,了解貴公司提出的要求

我方因此再次審慎評估貴公司提出的的三個專利

目前對於 079 與 340 這兩個光學設計專利,評估結果如下:

我方的 4P lens 一向遵循我方 2004 年取得的專利, 貴公司的專利似乎不能提供我方產品更多的保護,

況且由我方進行專利檢索的結果:對比早於貴公司專利申請日之前的先前技術,顯示貴公司專利的可專利性似乎不高。

另外, 貴公司提出的授權金額好像超出業界一般授權水準頗多.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
GSEO 00040911

若要以"避免訴訟"的名義繼續談判，得仰賴貴公司提出更有說服力的說法。

至於 078 案，我方內部對於是否授權的討論還未完成，預計要到九月中旬才會有結果

敬祝 安康

張國文 敬上

P.S.:附上類似專利一件，請參考

---

Wen Lee(李佳釹)(大立) <wenlee@largan.com.tw>

2011/07/29 下午 05:29

收件人 "'Elmer Chang'" <elmer@gseo.com>

副本抄送 "'Alex Li'" <alex@gseo.com>, "'Jones Chen'" <jones@gseo.com>, "'Denis Mack-Mumford'" <denis@gseo.com>, "'Major Li'" <majorli@largan.com.tw>

主旨 RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

---

Dear Mr. Chang:

Thank you for your reply. August 15 (Monday) at 3p.m. is also good for us. Largan representatives, Major Li and I, will visit you discussing licenses at your office.
Please also find attached letter with the '078 patent claim chart adding the front lens product supplied by GSEO and incorporated in iPhone 4 products.

Please kindly confirm of our visit.

Best regards,

Chia-Wen Lee

---

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Friday, July 29, 2011 1:35 PM
**To:** wenlee@largan.com.tw
**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

---

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY          GSEO 00040912

Dear Ms. Lee,

Sorry for my late response. August 15 (Mon.) is fine for me.

It will be even better if you can come in the afternoon ( 15:00 for instance).

I always have meetings on Monday morning.

Regards,

Dr. Kuo-Wen Chang

**Wen Lee(李佳紋)(大立) <wenlee@largan.com.tw>**

2011/07/21 下午 07:18

收件人 "Elmer Chang" <elmer@gseo.com>
副本抄送
主旨 RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

Dear Mr. Chang:

Thank you for your email. Please find attached a copy of the notice on '340 patent, attention to Chairman/President of GSEO, with the proof of delivery to/receipt by GSEO on July 11, 2011. The same copy was also faxed to GSEO's fax number 886-4-25667117 attention to Chairman/President of GSEO on the same date.

If it is convenient for you, let's schedule a meeting of license discussion for the week of August 8 or 15, at your office in Daya. Please advice the time and date during these two weeks convenient for you, and we will meet at your office then.

Best regards,

Chia-Wen Lee

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Thursday, July 21, 2011 11:26 AM
**To:** Wen Lee ("李佳紋") ("大立")
**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078

Dear Ms. Lee,

I received your mail about the 078 patent this Monday. The 340 paten has not arrived, yet.

Can yo uperhaps sent it to me per e-mail?

My company has never infringed any patens of other companies before.

So your mail becomes a big issue in my company.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    GSEO 00040913

A047

If possible, I would like to discuss with you directly.

I am in Xiamen this and next week. On 7/26 and 8/1 I have meetings which I must joint.

Otherwise my schedule flexible. If you think an unformal meeting is OK, please tell me which timel and place is convenient for you.

I will arrange ticket and fly back Taiwan.

Wish you have a nice summer and best regards,

Dr. Kuo-Wen Chang

**Wen Lee(李佳猷)(大立) <wenlee@largan.com.tw>**

2011/07/15 下午 02:16

收件人 "'Elmer Chang'" <elmer@gseo.com>
副本抄 "'Alex Li'" <alex@gseo.com>, "'Jones Chen'" <jones@gseo.com>, "'Denis Mack-Mumford'"
送 <denis@gseo.com>
主旨 RE: notice of U.S. patent 7,957,079; US patent 7,565,078

Dear Mr. Chang:

Please find attached Largan's reply to GSEO's response, also notifying GSEO of another Largan's patent, US patent 7,565,078, related to the front lens supplied by GSEO to Apple iPad2 products.
The attachment is also sent to you via express mail on July 15, 2011.

Best regards,
Chia-Wen Lee

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Tuesday, July 12, 2011 9:53 AM
**To:** wenlee@largan.com.tw
**Cc:** Alex Li; Jones Chen; Denis Mack-Mumford
**Subject:** Re: notice of U.S. patent 7,957,079

李小姐：

您好，我叫張國文，負責玉晶光電的專利相關事務

您所提到的美國專利 7,957,079 號專利，我方回覆請參考附檔

與附檔內容相同的紙本也將於今日掛號寄出

敬祝 安康

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

GSEO 00040914

張國文 敬上
Denis Mack-Mumford/gseo

2011/06/24 下午 04:11

收件人 Elmer Chang/gseo@GSEO

副本抄送

主旨 Largan patent claim

Elmer,

Please study and advise next step.

Denis

---------------------------------------
Denis Mack-Mumford
VP Sales & Marketing
Genius Optics
+886 961 323 853

----- Forwarded by Denis Mack-Mumford/gseo on 06/24/2011 04:08 PM -----

Wen Lee(李佳穎)(大立) <wenlee@largan.com.tw>

06/24/2011 04:04 PM

To <denis@gseo.com>

cc

Subject notice of U.S. patent 7,957,079

Dear Mr. Mack-Mumford:

Please find attached a copy of the notice letter for U.S. patent 7,957,079, sent to you by express mail on June 24, 2011.

Best regards,
Chia-Wen Lee

In-House Attorney
Largan Precision Co., Ltd.
No. 11 Jingke Rd., Nantun Dist.,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

GSEO 00040915

Taichung 40852 Taiwan

TEL: 886-4-36002345

Email:wcnlcc@largan.com.tw

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
++++++++++++

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message.

[附件檔 "US7957079 Notice Ltr to GSEG express mail 20110624.pdf" 已被 Elmer Chang/gseo 刪除] [附件檔 "Notice Ltr to GSEG-
USP7565078 w pat & cc 20110714.pdf" 已被 Elmer Chang/gseo 刪除] [附件檔 "Notice Ltr to GSEO _US7920340_ w_claim chart &
patent (sent and faxed 20110711).pdf" 已被 Elmer Chang/gseo 刪除] [附件檔 "US patent 7920340 notice proof of delivery
20110711.pdf" 已被 Elmer Chang/gseo 刪除] [附件檔 "Notice Ltr to GSEO '078 patent updated 20110729 viaEmail.pdf" 已被 Elmer
Chang/gseo 刪除]

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY          GSEO 00040916

# EXHIBIT  B

Message

From: Wen Lee (Wen Lee) (Largan [wenlee@largan.com.tw])

| | |
|---|---|
| **Sent:** | 9/6/2011 4:17:54 AM |
| **To:** | Elmer Chang [elmer@gseo.com] |
| **CC:** | alex@gseo.com; denis@gseo.com; majorli@largan.com.tw |
| **Subject:** | RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340 |
| **Attachments:** | CN 101762865B.pdf; M299861.pdf; CN 200941128Y.pdf |

Dear Mr. Zhang,

Thanks for your reply. But I'm sorry that your company's reply simply repeated the discussions on August 15 without any actual or specific explanation about the progress of the solution of the patent licensing issue between both parties.

As for your company's statement that "it seems that your company's patent is unable to provide more protection for our products," our company does not understand or agree on it. First, your company does not provide any specific content of the evaluation of the patentability. Second, your company does not provide any evidence to prove that it does not produce or sell any products that match our company's patent. Third, your company does not provide the "general standard of the industry" your company claims; instead, your company only deduces that the licensing price of our company is too high, so it makes our company believe that your company is not only buying time but also has no good faith in the settlement of the patent licensing. When necessary, our company will choose other legal measures to maintain our intellectual property rights.

Considering the rights and interests of both parties, I suggest we should negotiate with the attorney retained by your company, which may facilitate the progress of the discussion about the patent licensing issue.

About the '078 patent, I expect that your company can give us a specific reply by the middle of September.

Attached are the Chinese patent corresponding to '079 and the Taiwanese patent and Chinese patent corresponding to '078 for your company's reference.

Please kindly provide the contact information of the attorney retained by your company. Thanks.

Regards,
Wen Lee

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Wednesday, August 31, 2011 3:02 PM
**To:** wenlee@largan.com.tw
**Cc:** alex@gseo.com; denis@gseo.com; majorli@largan.com.tw
**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

Ms. Lee,

Since your last visit, I have understood the requirements brought up by your company.

Thus, our company once again carried out a prudent assessment of the three patents your company brought up.

The result of the assessment of the two optical design patents 079 and 340 is as follows:

The 4P lens of our company has been always complying with the patent our company obtained in 2004, and it seems that your company's patent is unable to provide more protection for our products.

Besides, according to the result from our company's patent retrieval, compared to technologies prior to the day of your company's patent application, the patentability of your company's patent does not seem very high.

What's more, the licensing price quoted by your company seems way higher than the general standard of the industry.

In order to continue with the negotiation in the name of "avoiding litigation," your company needs to provide a more persuasive argument.

As for the 078 case, our company is still holding internal discussions about whether to license or not. It is expected that the result will not come out until the middle of September.

Regards,

Elmer Chang

P.S. The attached is a similar patent for your reference.

| Wen Lee (Wen Lee) (Largan) <wenlee@largan.com.tw> 05:29 PM, July 29, 2011 | To: "Elmer Chang" <elmer@gseo.com> |
|---|---|
| | Cc: "Alex Li" <alex@gseo.com>; "Jones Chen" <jones@gseo.com>; "Denis Mack-Mumford" <denis@gseo.com>; "Major Li" <majorly@largan.com.tw> |
| | Subject: RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340 |

Dear Mr. Chang:

Thank you for your reply.  August 15 (Monday) at 3p.m. is also good for us.  Largan representatives, Major Li and I, will visit you discussing licenses at your office.

Please also find attached letter with the '078 patent claim chart adding the front lens product supplied by GSEO and incorporated in iPhone 4 products.

Please kindly confirm of our visit.

Best regards,

Chia-Wen Lee

---

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Friday, July 29, 2011 1:35 PM
**To:** wenlee@largan.com.tw
**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078; U.S. patent 7,920,340

Dear Ms. Lee,

Sorry for my late response. August 15 (Mon.) is fine for me.

It will be even better if you can come in the afternoon ( 15:00 for instance).

I always have meetings on Monday morning.

Regards,

Dr. Kuo-Wen Chang

| | | | | | |
|---|---|---|---|---|---|
| Wen | Lee | (Wen | Lee) | (Largan) | To: "Elmer Chang" <elmer@gseo.com> |

<wenlee@largan.com.tw>
07:18 PM, July 21, 2011

Cc:
Subject: RE: notice of U.S. patent 7,957,079; US
patent 7,565,078; U.S. patent 7,920,340

Dear Mr. Chang:

Thank you for your email. Please find attached a copy of the notice on '340 patent, attention to Chairman/President of GSEO, with the proof of delivery to/receipt by GSEO on July 11, 2011. The same copy was also faxed to GSEO's fax number 886-4-25667117 attention to Chairman/President of GSEO on the same date.

If it is convenient for you, let's schedule a meeting of license discussion for the week of August 8 or 15, at your office in Daya. Please advice the time and date during these two weeks convenient for you, and we will meet at your office then.

Best regards,

Chia-Wen Lee

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Thursday, July 21, 2011 11:26 AM
To: Wen Lee ("Wen Lee") ("Largan")

**Subject:** RE: notice of U.S. patent 7,957,079; US patent 7,565,078

Dear Ms. Lee,

I receaved your mail about the 078 patent this Monday. The 340 paten has not arrived, yet.

Can yo uperhaps sent it to me per e-mail?

My company has never infringed any patens of other companies before.

So your mail becomes a big issue in my company.

If possible, I would like to discuss with you directly.

I am in Xiamen this and next week. On 7/26 and 8/1 I have meetings which I must joint.

Otherwise my schedule flexible. If you think an unformal meeting is OK, please tell me which time1 and place is convenient for you.

I will arrange ticket and fly back Taiwan.

Wish you have a nice summer and best regards,

Dr. Kuo-Wen Chang

| | | | | | |
|---|---|---|---|---|---|
| Wen | Lee | (Wen | Lee) | (Largan) | To: "Elmer Chang" <elmer@gseo.com> |

<wenlee@largan.com.tw>
02:16 PM, July 15, 2011

Cc: "Alex Li" <alex@gseo.com>; "Jones Chen" <jones@gseo.com>; "Denis Mack-Mumford" <denis@gseo.com>
Subject: RE: notice of U.S. patent 7,957,079; US patent 7,565,078

Dear Mr. Chang:

Please find attached Largan's reply to GSEO's response, also notifying GSEO of another Largan's patent, US patent 7,565,078, related to the front lens supplied by GSEO to Apple iPad2 products.
The attachment is also sent to you via express mail on July 15, 2011.

Best regards,
Chia-Wen Lee

---

**From:** Elmer Chang [mailto:elmer@gseo.com]
**Sent:** Tuesday, July 12, 2011 9:53 AM
**To:** wenlee@largan.com.tw
**Cc:** Alex Li; Jones Chen; Denis Mack-Mumford
**Subject:** Re: notice of U.S. patent 7,957,079

Ms. Lee,

Hi, I'm Elmer Chang and I'm responsible for patent-related affairs of GSEO。

As for the 7,957,079 U.S. patent you mentioned, please refer to the attached document for our reply.

Paperwork for the attached document will be sent out today in registered mail as well.

Regards,

Elmer Chang

Denis Mach-Mumford/gseo

04:11 PM, June 24, 2011

To: Elmer Chang/gseo@GSEO
Cc:
Subject: Largan patent claim

Elmer,

Please study and advise next step.

Denis

-----------------------------------
Denis Mack-Mumford
VP Sales & Marketing
Genius Optics
+886 961 323 853

----- Forwarded by Denis Mack-Mumford/gseo on 06/24/2011 04:06 PM -----

Wen Lee (Wen Lee) (Largan) <wenlee@largan.com.tw>

06/24/2011 04:04 PM

To <denis@gseo.com>
cc
Subject notice of U.S. patent 7,957,079

Dear Mr. Mack-Mumford:

Please find attached a copy of the notice letter for U.S. patent 7,957,079, sent to you by express mail on June 24, 2011.

Best regards,
Chia-Wen Lee

In-House Attorney
Largan Precision Co., Ltd.
No. 11 Jingke Rd., Nantun Dist.,

Taichung 40852 Taiwan

TEL.: 886-4-36002345

Email:wenlee@langan.com.tw

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

[The attached document "US7957079 Notice Ltr to GSEO express mail 20110624.pdf" has been deleted by Elmer Change/gseo]; [The attached document "Notice Ltr TO GSE—USP7565078 w pat & cc 20110714.pdf" has been deleted by Elmer Change/gseo]; [The attached document "Notice Ltr to GSEO_US7920340_w_claim chart & patent (sent and faxed 20110711).pdf" has been deleted by Elmer Change/gseo]; [The attached document "US patent 7920340 notice proof of delivery 20110711.pdf" has been deleted by Elmer Change/gseo]; [The attached document "Notice Ltr to GSEO '78 patent updated 20110729 viaEmail.pdf " has been deleted by Elmer Change/gseo].

1  KILPATRICK TOWNSEND & STOCKTON LLP

2  Kenneth S. Chang (State Bar No. 211925)
   *kschang@kilpatricktownsend.com*
3  No. 50 Boxia Road, Building R, Suite 401, 4th Floor
   Shanghai Pudong Software Park
4  Shanghai 201203, China
   Telephone:  86 (21) 3175-6180
5
   David E. Sipiora (State Bar No. 124951)
6  *dsipiora@kilpatricktownsend.com*
   Jeffrey M. Connor (*pro hac vice*)
7  *jmconnor@kilpatricktownsend.com*
   Laura K. Mullendore (*pro hac vice*)
8  *lmullendore@kilpatricktownsend.com*
   1400 Wewatta Street, Suite 600
9  Denver, CO 80202
   Telephone:  (303) 571-4000
10 Facsimile:  (303) 571-4321

11 Robert J. Artuz (State Bar No. 227789)
   *rartuz@kilpatricktownsend.com*
12 1080 Marsh Road
   Menlo Park, CA 94025
13 Telephone:  (650) 326-2400
   Facsimile:  (650) 326-2422
14
   Attorneys for Defendant GENIUS ELECTRONIC OPTICAL CO., LTD.
15

16             UNITED STATES DISTRICT COURT

17         FOR THE NORTHERN DISTRICT OF CALIFORNIA

18             SAN FRANCISCO DIVISION

19 | LARGAN PRECISION CO., LTD., | Case No. 3:13-CV-02502-JD |

20 |     Plaintiff, | **DECLARATION OF JEFFREY M.** |
   |  | **CONNOR IN SUPPORT OF DEFENDANT** |
21 |     v. | **GENIUS ELECTRONIC OPTICAL CO.,** |
   |  | **LTD.'S MOTION FOR LEAVE TO** |
22 | GENIUS ELECTRONIC OPTICAL CO., | **SUBMIT DOCUMENTS FOR *IN CAMERA*** |
   | LTD., | **INSPECTION AND FOR STAY OF** |
23 |  | **ORDER (D.I. 295)** |
   |     Defendant. |  |
24

25

26

27

28

CONNOR DECL. ISO GENIUS'S MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA*
INSPECTION AND FOR STAY OF ORDER (D.I. 295)
CASE NO. 3:13-CV-02502-JD

1    Pursuant to 28 U.S.C. § 1746, I, Jeffrey M. Connor, hereby declare:

2        1.      I am an attorney at the law firm Kilpatrick Townsend & Stockton LLP, and am one

3    of the counsel of record for Defendant Genius Electronic Optical Co., Ltd. ("Genius") in the above-

4    titled action.  I am licensed to practice law in the State of Colorado, and am admitted to practice

5    before this Court *pro hac vice*.  I make this declaration based on my personal knowledge, and, if

6    called upon as a witness, could and would testify competently to the matters set forth below.

7        2.      Attached as **Exhibit A** to this declaration is a true and correct copy of excerpts from

8    the confidential Deposition Transcript of Chia-Wen Lee, as Designated Representative of Largan

9    Precision Co., Ltd., on October 9, 2014.

10       I declare under penalty of perjury that the foregoing is true and correct.

11

12   Executed on December 24, 2014 at Denver, Colorado.

13                                    */s/Jeffrey M. Connor*

14                                    Jeffrey M. Connor (*pro hac vice*)
                                      jmconnor@kilpatricktownsend.com
15
                                      KILPATRICK TOWNSEND & STOCKTON LLP
16                                    1400 Wewatta Street, Suite 600
                                      Denver, CO 80202
17                                    Telephone:  (303) 571-4000
                                      Facsimile:  (303) 571-4321
18
                                      Attorney for Defendant
19                                    GENIUS ELECTRONIC OPTICAL CO., LTD.

20   66788975V.1

21

22

23

24

25

26

27

28

CONNOR DECL. ISO GENIUS'S MOT. FOR LEAVE TO SUBMIT DOCUMENTS FOR *IN CAMERA*
INSPECTION AND FOR STAY OF ORDER (D.I. 295)                                      - 1 -
CASE NO. 3:13-CV-02502-JD

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
*UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## Lee Deposition excerpts

### *ENTIRE DOCUMENT FILED UNDER SEAL*

EXHIBIT A TO CONNOR DECL. IN SUPPORT OF GENIUS'S MOT. FOR LEAVE TO
SUBMIT DOC. FOR *IN CAMERA* INSPECTION AND FOR STAY OF ORDER (D.I. 295)
CASE NO. 3:13-CV-02502-JD

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN CALIFORNIA

SAN FRANCISCO DIVISION

-----------------------------x

LARGAN PRECISION CO., LTD.,      :

        Plaintiff,              :

    vs                           : Case No. 3:13-CV-02502-

GENIUS ELECTRONIC OPTICAL        :            JD

CO., LTD.,                       :

        Defendant.              :

-----------------------------x


HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY


Videotaped Deposition of CHIA-WEN LEE,

Individually, and as Designated Representative of

LARGAN PRECISION CO., LTD.

Taichung, Taiwan

Thursday, October 9, 2014 - 9:07 a.m.

```
 1                    A P P E A R A N C E S:

 2   ON BEHALF OF PLAINTIFF LARGAN PRECISION CO., LTD.:

 3         JOHN P. SCHNURER, ESQUIRE

 4         PERKINS COIE LLP

 5         11988 El Camino Real

 6         Suite 200

 7         San Diego, California 92130

 8

 9

10   ON BEHALF OF DEFENDANT GENIUS ELECTRONIC OPTICAL CO.,

11   LTD.:

12         DAVID E. SIPIORA, ESQUIRE

13         KILPATRICK TOWNSEND & STOCKTON

14         1400 Wewatta Street

15         Suite 600

16         Denver, Colorado 80202

17

18

19   ALSO PRESENT:

20         ZACH HONE, Videographer

21

22

23

24

25
```

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

MATERIAL SUBJECT TO PROTECTIVE ORDER DELETED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date: December 30, 2014                                    Judge: James Donato

Time: 11 Minutes

Case No.      **C 13-02502 JD**
Case Name     **Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.**

Attorney(s) for Plaintiff(s):      Joseph Reid/John Schnurer
Attorney(s) for Defendant(s):      David E. Sipiora/ Laura Kathryn Mullendore

Deputy Clerk:  Lisa Clark

## PROCEEDINGS

Telephonic Discovery Conference Re: Dkt. Nos. 316 (Genius Electronic Optical Co., Ltd.'s Motion for Leave to Submit Documents for *In Camera* Inspection and For Stay of Order (D.I. 295)) - Held

## RESULT OF HEARING

A telephonic conference was held pursuant to Civil Local Rule 7-1(b).  A written order will follow.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARGAN PRECISION CO, LTD,

Plaintiff,

v.

GENIUS ELECTRONIC OPTICAL CO.,
LTD.,

Defendant.

Case No.  13-cv-02502-JD

**ORDER DENYING MOTION FOR
STAY OF ORDER GRANTING
MOTION TO COMPEL**

Re: Dkt. No. 316

This order resolves a discovery dispute between the parties that has dragged on since October. Defendant Genius seeks to withhold as attorney work product a number of emails and documents written and exchanged by non-attorneys at a time when no litigation was pending or reasonably threatened. Genius contends that it is entitled to withhold the documents because they were created after it received one or both of the two letters plaintiff Largan sent it -- one in June 2011, which did not involve the patents-in-suit, and one in April 2013, which did -- accusing Genius of patent infringement and proposing that Genius take a license from Largan. All of the documents Genius wants to withhold involved no attorneys or legal advice, were not labeled "work product" in any way, and bear no indication on their face that they were prepared for purposes of litigation, as opposed to negotiation. Many were prepared months after receiving the purportedly relevant notice letter. The Court has rejected this breathtakingly overbroad assertion of the work product doctrine on several occasions, most recently during a telephonic discovery conference held on December 30, 2014, and ordered Genius to produce all remaining documents withheld on that improper assertion. This order provides additional explanation of the Court's holding with the goal of ending this dispute now and forever more in this case.

## BACKGROUND

This patent infringement case began on June 4, 2013, when Largan filed a complaint accusing Genius of infringing various patents relating to optical lens design. *See* Dkt. No. 1. The dispute that gave rise to this order erupted shortly before the close of fact discovery in October 2014, when Largan objected that Genius was improperly withholding or redacting documents and emails prepared by two Genius employees who are not attorneys, Arthur Berman and C. J. Lin. *See* Dkt. No. 154-3 at 1-2. Genius agreed to produce the documents created by Berman, *see* Dkt. No. 206, but claimed that the redacted portions of Lin's emails were work product, *see* Dkt. No. 166 at 2. Documents are only protected by the work product doctrine, of course, if they are prepared in anticipation of litigation, *see* Fed. R. Civ. Pro. 26(b)(3); *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2003), and the sole basis Genius gave for anticipating litigation was its receipt of a notice letter from Largan on April 2, 2013. It did not provide any facts indicating that litigation was reasonably anticipated and did not allege that an attorney played any role whatsoever in the creation of the documents; in fact, according to Largan, the emails were sent before Genius hired litigation counsel. *See* Dkt. No. 154-3 at 2.

At a telephonic discovery conference on December 5, 2014, the Court ruled that the redacted Lin documents were not protected work product and ordered Genius to produce unredacted copies of the documents. *See* Dkt. No. 207. This ruling should have been the end of the matter but Genius then launched a series of rearguard actions that have unnecessarily dragged out this straightforward discovery issue. Genius's first action was to seek leave for "reconsideration" on December 15, 2014, on the purported ground that the Court had gotten it wrong in the December 5 order. *See* Dkt. No. 267. But Genius also said that it had, in fact, produced the documents that were the subject of the previous discovery dispute, and was filing a motion only because Largan had requested additional documents. *See* Dkt. No. 266 at 1.

In light of pending depositions set for December 18, 2014, involving at least one witness traveling from Taiwan, the Court turned to the request immediately and denied it as moot the same day based on Genius's representation that it had produced the disputed documents. *See* Dkt. No. 269. It advised Largan to file a motion to compel if it sought additional documents. *See id.*

2

United States District Court
Northern District of California

1    Largan did so the next day, accusing Genius of failing to comply with the Court's order. *See* Dkt.

2    No. 274.

3         To resolve what was fast becoming an unproductive exchange of arguments, the Court

4    ordered Genius to provide the disputed documents for *in camera* review. *See* Dkt. No. 276. On

5    December 17, 2014, Genius delivered a box of over 300 disputed documents and a short letter

6    stating that it was withholding the bulk of the documents based on work product because of the

7    2011 and 2013 notice letters. A number of the emails were in Chinese, and Genius claimed it no

8    longer possessed translations it could provide to the Court. Over the next several days, the Court

9    reviewed *in camera* over a hundred of the documents, and issued an order on December 21, 2014,

10   granting Largan's motion to compel in part, finding that the vast majority of documents Genius

11   sought to withhold were not prepared in anticipation of litigation. *See* Dkt. No. 295. The Court

12   expressly stated in the order that it made no judgment with respect to the emails in Chinese. *Id.*

13        Only after this order, which directed Genius for a second time to produce the withheld

14   documents, did Genius provide translations of some of the Chinese language emails. On

15   Christmas Eve, Genius asked again to delay production and submitted translations of two email

16   threads in Chinese claiming that they -- at last -- proved that the withheld documents truly were

17   protected work product. *See* Dkt. No. 316. One of the new documents was a set of emails

18   between Elmer Chang, Genius's Chief Technology Officer, and Largan, exchanged after Largan's

19   June 2011 notice letter, while the second was a copy of Largan's April 2013 notice letter and a

20   subsequent email from C. J. Lin, the Manager of Genius's IP Department to the President and

21   Chairman of Genius. *See id.* at 4, 3.

22        These email strings are the subject of this order and the Court's telephonic ruling on

23   December 30, 2014. The 2011 email chain begins with a June 24, 2011, email from Chia-Wen

24   Lee of Largan to Denis Mack-Mumford, the Vice President of Sales and Marketing at Genius,

25   stating: "Please find attached a copy of the notice letter for U.S. patent 7,957,079, sent to you by

26   express mail on June 24, 2011." *See* Dkt. No. 316-3, Ex. B (submitted for *in camera* review).

27   The document shows Mack-Mumford forwarded the email to Chang, and Chang and Lee

28   exchanged emails to schedule in-person licensing discussions. *See id.* On July 21, 2011, Lee sent

3

an email to Chang attaching a copy of a notice letter for another patent -- the '340 patent. *See id.*
Finally, after the in-person meetings, Chang sent a letter to Lee on August 31, 2011, stating that
Genius had assessed the '079 and '340 patents, and concluded that: (1) its 4P lens complied with a
patent Genius obtained in 2004; (2) the patentability of Largan's patents was dubious; and (3) the
licensing price quoted by Largan was "way higher than the general standard of the industry." *See
id.* It went on to state that "[i]n order to continue with the negotiation in the name of 'avoiding
litigation,' your company needs to provide a more persuasive argument." *Id.* It also suggested
that Genius was still examining whether it would take a license to an additional Largan patent --
the '078 patent: "As for the 078 case, our company is still holding internal discussions about
whether to license or not. It is expected that the result will not come out until the middle of
September." *Id.* The email is followed by a response by Lee from Largan, saying, "I'm sorry that
your company's reply simply repeated the discussions on August 15 without any actual or specific
explanation about the progress of the solution of the patent licensing issue between both parties."
*Id.* It attempted to rebut Genius's arguments and suggested continuing negotiations with an
attorney.

The April 2, 2013, notice letter, sent from Lee at Largan to C. J. Lin at Genius, states:

> Dear Mr. Lin:
>
> As you have known, Largan Precision Co., Ltd. ("Largan") has numerous issued and pending patent applications related to lens assemblies and the manufacture thereof. We write to determine if GSEO has interest in licensing Largan's patented technologies.
>
> Among numerous patents in the lens technology owned by Largan, the following chart lists several GSEO lens products incorporated in Apple products corresponding to Largan's patent claims:
>
> [Table of Apple products and Largan patents omitted.]
>
> Enclosed, please find, for GSEO's review, copies of the identified patents and the preliminary claim charts reading the patents onto GSEO's lens products used in Apple's products. Please note that the evaluation is ongoing and Largan may identify more patents or products to GSEO.
>
> Sincerely,
>
> Chia-Wen Lee

4

*See* Dkt. No. 316-2, Ex. B (submitted for *in camera* review).

The Court reviewed the newly-submitted documents, and told the parties at a telephonic discovery conference on December 30, 2014, that its conclusion that the documents were not work product remained unchanged. This orders follows.

## DISCUSSION

Genius's objection to the Court's production orders is that the total absence of attorney involvement in the creation of the withheld documents is irrelevant to their status as work product and the Court should not have considered it. The premise of this objection is a straw man. As the December 21, 2014, order spelled out, many factors defeated application of the work product doctrine here, and the absence of attorney involvement was one of multiple indications that the doctrine does not apply to Genius's documents. *See* Dkt. No. 295. To the extent Genius seeks to portray the Court's ruling as based only on the absence of attorney involvement, it distorts the Court's orders and findings.

For that reason -- the fact that the basis of Genius's objection is a sham argument -- further consideration of Genius's objection is not necessary. But for the sake of clarity, the Court addresses Genius's assertion that the total absence of attorney involvement is always a non-factor that should not be looked at in any way. Genius is wrong on this point and the Court will explain why. The Court emphasizes, however, that by addressing this specific point it is not taking the position that lack of attorney involvement alone is enough to rule on a work product assertion. That limited issue was not, and is not, before the Court and the rulings here were driven by broader facts and considerations.

The starting point of the discussion is Federal Rule of Civil Procedure 26(b)(3), which states in relevant part:

> *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

United States District Court
Northern District of California

5

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). The rule extends protection to documents created "by or for" a party or its representative, including non-attorney representatives. Consistent with Rule 26(b)(3), the Ninth Circuit's test for deciding whether documents qualify for work product protection does not require that an attorney must have personally created the document; it requires that "(1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *In re Grand Jury Subpoena*, 357 F.3d at 900.

Consequently, it is certainly true that a document need not be prepared personally by an attorney to qualify as work product. But attorney involvement -- or the lack thereof -- is far from irrelevant, as Genius suggests. The fact that the withheld documents do not involve any attorneys is a useful sign, in conjunction with other indicators, that they are not protected work product.

The well-established case law on the attorney work product doctrine underscores this truth. The Supreme Court articulated the doctrine in *Hickman v. Taylor*, 329 U.S. 495 (1947), where the Court recognized that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at 510. Throughout the opinion, the Court emphasizes the deleterious effects that disclosure subject only to the "relevance" standard would have on the *legal* profession: "Were such materials open to opposing counsel on mere demand ... [i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing." *Id.* at 511.

In 1970, the Supreme Court adopted Federal Rule of Civil Procedure 26(b)(3), which codified the work product doctrine. The current Rule, which for this order's purposes does not differ substantively from the 1970 version, states that work product protection potentially extends to documents "by or for [a] party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). It is clear that the 1970 amendments to Rule 26(b)(3) were intended to reflect cases that had extended work product

United States District Court
Northern District of California

1   protection to preparatory materials that were not prepared by an attorney -- "though not

2   necessarily to the same extent" as for attorney-prepared materials. *See* Fed. R. Civ. P. 26,

3   advisory committee's note to 1970 amendment. In the cases that the advisory committee cited as

4   standing for that proposition, however, attorneys were involved in the preparation of the

5   documents. *See Alltmont v. United States*, 177 F.2d 971, 976 (3d Cir. 1949) (cited for the

6   proposition that "*Hickman* applied to statements obtained by FBI agents on theory it should apply

7   to 'all statements of prospective witnesses which a party has obtained for his trial counsel's

8   use.'"); *Hanke v. Milwaukee Elec. Ry. & Transport Co.*, 7 F.R.D. 540, 542-43 (E.D. Wis. 1947)

9   (suggesting that work product may apply to signed witness statements obtained by a general

10  claims agent who was also an attorney); *Snyder v. United States*, 20 F.R.D. 7, 8-9 (E.D.N.Y. 1956)

11  (extending work product to documents prepared by investigator for U.S. Attorney); *Burns v.*

12  *Mulder*, 20 F.R.D. 605, 605-06 (E.D. Pa. 1957) (declining to compel production of statement

13  made by defendant to insurance company "for the specific use of counsel in anticipation of

14  litigation"). The advisory committee thus clearly had in mind cases that involved documents

15  prepared for an attorney, though not by one. *Cf. United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002)

16  ("In the absence of clear legislative mandate, the Advisory Committee Notes provide a reliable

17  source of insight into the meaning of a Rule, especially when, as here, the rule was enacted

18  precisely as the Advisory Committee proposed.")

19          Nothing in the rule or the advisory committee's notes suggests that the absence of attorney

20  involvement in the preparation of a document is irrelevant to whether the document is work

21  product. *Hickman* itself emphasized that underlying the work product doctrine was a policy of

22  protecting an attorney's preparation for litigation, and following the 1970 amendments, the

23  Supreme Court explained that that "'strong public policy' underlying the work-product doctrine

24  ... has been substantially incorporated in Federal Rule of Civil Procedure 26(b)(3)." *Upjohn Co.*

25  *v. United States*, 449 U.S. 383, 398 (1981); *see also* 8 Charles Alan Wright et al., *Federal Practice*

26  *and Procedure* § 2023 (3d ed. 2008) ("The adoption of the rule was not intended to cause any

27  drastic change in practice in the federal courts. Instead, it was designed as a largely accurate

28  codification of the doctrine announced in the *Hickman* case and developed in later cases in the

7

1    lower courts.").

2        Five years after *Hickman*, the Supreme Court underscored the relevance of attorney

3    involvement in evaluating work product protection, holding in *United States v. Nobles* (which, as a

4    criminal case, interpreted the judicially-created work product doctrine rather than the text of Rule

5    26(b)(3)) that it was necessary that work product doctrine "protect material prepared by agents for

6    the attorney as well as those prepared by the attorney himself." 422 U.S. 225, 238-39 (1975). The

7    qualification that the *Hickman*-derived work product doctrine extended to "agents of the attorney"

8    would be superfluous if, as Genius suggests, entitlement to withhold documents as work product

9    were entirely untethered from the need to protect attorney preparation for litigation.

10        Our court of appeals has often emphasized the relevance of attorney involvement in

11    evaluating work product claims in cases since the articulation of the two-part test for work product

12    protection that Genius cites. *See Republic of Ecuador v. Mackay*, 742 F.3d 860, 867 (9th Cir.

13    2014) ("The work product doctrine is a 'qualified immunity from discovery' that attempts to

14    balance 'the necessity of protecting an attorney's preparation under the adversary system, and the

15    policy of full and open discovery underlying the' rules."); *United States v. Richey*, 632 F.3d 559,

16    567 (9th Cir. 2011) ("The work-product doctrine covers documents or the compilation of materials

17    prepared by agents of the attorney in preparation for litigation."); *Hernandez v. Tanninen*, 604

18    F.3d 1095, 1100 (9th Cir. 2010) ("The work product doctrine is a 'qualified privilege' that protects

19    'certain materials prepared by an attorney acting for his client in anticipation of litigation.'"); *see*

20    *also Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (referring to Fed.

21    R. Civ. P. 26(b)(3) as creating an "attorney work-product privilege").

22        What, then, of the fact that Rule 26(b)(3) and the two-part Ninth Circuit test for asserting

23    work product include no explicit requirement that an attorney be involved? The answer, in the

24    Court's view, is that the involvement of attorneys should be considered as part of the "anticipation

25    of litigation" prong of the tests. As another district court has persuasively held:

26        [A]lthough materials prepared by non-attorneys supervised by
     attorneys are capable of enjoying work-product protection, the
27        degree to which counsel is involved in creating the document bears
     directly on whether the document was prepared in anticipation of
28        litigation. This relationship can be thought of as a sliding scale,

8

United States District Court
Northern District of California

> whereby a party's burden to demonstrate a document's litigious
> purpose increases -- all other things being equal -- as attorney
> involvement in creating the document decreases. This simple
> principle recognizes the reality that attorneys are the ones who
> actually litigate cases, and whether or not a company involves
> attorneys in creating a document is a telling indication about
> whether the document was prepared in anticipation of litigation.

*United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 134-35 & n.8 (D.D.C. 2012)

(collecting authorities); *see also Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011

WL 5024457, at *6-7 (N.D. Cal. Oct. 20, 2011) (upholding magistrate judge order that found no

work product protection for email in part based on prominence of non-attorneys among those

involved in email); *Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786JSW(EMC), 2004 WL

1878209, at *7 (N.D. Cal. Aug. 23, 2004) (holding that the Court's conclusion that third-party

consultant's analyses were not prepared "because of impending litigation" was "underscored" by

the fact that consultant was not retained by counsel). The absence of attorneys involved in the

documents Genius seeks to withhold is thus a strong signal that they were not created because of

the prospect of litigation.

    As the Court has repeatedly found in this case, there are several reasons for the Court's

finding that the documents in question were not created because of the prospect of litigation, in

addition to the absence of attorneys. An important factor is that the documents strongly appear to

have been created largely, and almost certainly exclusively, for non-litigation purposes. In

evaluating whether documents that were created for non-litigation purposes as well as litigation-

related ones qualify for work product protection, the Ninth Circuit applies the "because of"

standard. *In re Grand Jury Subpoena*, 357 F.3d at 908. "The 'because of' standard does not

consider whether litigation was a primary or secondary motive behind the creation of a document.

Rather, it considers the totality of the circumstances and affords protection when it can fairly be

said that the 'document was created because of anticipated litigation, and would not have been

created in substantially similar form but for the prospect of that litigation[.]'" *Id.* (citation

omitted).

    The emails provided by Genius themselves indicate that after receiving the notice letters,

the parties were focused on a business resolution of the dispute, rather than litigation. With

9

1    respect to the emails following the 2011 notice letter, an August 31, 2011, email from Genius's

2    Elmer Chang to Largan following face-to-face meetings between the companies indicates that

3    Largan had said that it wanted to "continue with the negotiation in the name of 'avoiding

4    litigation.'" *See* Dkt. No. 316-3, Ex. B (submitted for *in camera* review). Similarly, a September

5    6, 2011, email from Chia-Wen Lee of Largan to Genius refers to "facilitat[ing] the progress of the

6    discussion about the patent licensing issue." *See id.* The 2013 notice letter from Largan itself

7    stated, "We write to determine if GSEO has interest in licensing Largan's patented technologies."

8    *See* Dkt. No. 316-2, Ex. B (submitted for *in camera* review). And a subsequent letter from C. J.

9    Lin to Genius's President and Chairman referred to Largan's letter as a "notice about license

10   inquiry" and suggested that "we don't refuse license" and "we just need to learn the license terms"

11   and then "request your decision about whether we should refuse the Largan Precision license

12   inquiry." *Id.*

13          In this stream of communications, only two passing mentions of possible litigation

14   appears. In a paragraph at the end of Lin's letter to his company president that begins with

15   "Possible risk" Lin makes the aside that "[t]here may be lawsuits happening." *Id.* And in

16   Largan's September 6, 2011, response to Genius, it states that "[w]hen necessary, our company

17   will choose other legal measures to maintain our intellectual property rights." *See* Dkt. No. 316-3,

18   Ex. B (submitted for *in camera* review). Such casual and ambiguous statements, without more,

19   cannot be treated as a sign of reasonably anticipated litigation. *See, e.g., C&C Jewelry Mfg. v.*

20   *West*, No. C09–01303 JF (HRL), 2010 WL 3943673, at *1 (N.D. Cal. Oct. 7, 2010) ("Although

21   litigation need not have commenced in order for the work product doctrine to apply, 'there must

22   be more than a remote possibility of litigation.'").

23          The fact that Largan still has not filed suit on the patents named in the 2011 notice letter

24   provides further evidence that if Genius in fact prepared the withheld emails because it anticipated

25   litigation -- a claim the Court seriously doubts -- the anticipation of litigation was unreasonable.

26   *See Indiana Mills & Mfg., Inc. v. Dorel Indus.*, No. 1:04CV01102-LJM-WTL, 2006 WL 1749410,

27   at *4 (S.D. Ind. 2006) (holding that a notice letter alone does not create reasonable anticipation of

28   litigation); *Minbea Co. v. Papst*, 355 F. Supp. 2d 526, 528-29 (D.D.C. 2005) (patent "license

United States District Court
Northern District of California

10

negotiations are not, by definition, in anticipation of litigation and are not, without more, protected

by the work product privilege"). Holding otherwise would essentially give Genius open-ended

and unilateral power to suppress documents discussing matters relevant to this case starting from

the date of the notice letter and stretching into the indefinite future. (The possibility is hardly

theoretical: Some of the documents Genius seeks to shield based on the 2011 letter were created

nearly seven months afterwards, like document numbers 204-8, 213, 222, and 224 from its First

Supplemental Privilege Log.)

## CONCLUSION

This issue and Genius's objections have dragged out for too long in this case. The Court

declines to stay its order at docket number 295 directing Genius to produce documents it had

withheld as work product, and Genius is ordered to conform to that if it has not done so already.

**IT IS SO ORDERED**.

Dated: January 8, 2015

_____

JAMES DONATO
United States District Judge